Nov. Term, 1846.

STINGLEY
v.
KIRKPATRICK.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Quarles*, for the plaintiffs.

*C. P. Hester*, for the defendant.

---

## STINGLEY *v.* KIRKPATRICK.

If in debt against *A.*, *B.*, and *C.* on a joint and several promissory note, the plaintiff fail on the ground that the note is invalid as to *C.*, the judgment will be no bar to a subsequent suit against *A.* on the note.

*Monday,*
*November* 23.

ERROR to the *Tippecanoe* Circuit Court.

PERKINS, J.—This was an action of assumpsit, brought by *Stingley* against *Kirkpatrick*, upon a promissory note.

The defendant pleaded in bar of the action, that the note sued on was joint and several, and purported to be executed by himself, one *David Patton*, and one *Samuel Bush;* that the plaintiff, at the *August* term of the *Tippecanoe* Circuit Court, 1842, impleaded this defendant, said *Patton*, and said *Bush*, in an action of debt, for not performing the same identical promises and undertakings, and each and every of them, mentioned in the declaration in this suit; that the defendants, *Patton* and said *Kirkpatrick*, pleaded in that suit the general issue, which was tried by a jury and resulted in a verdict and judgment in their behalf, as appears of record, &c., and which remains unreversed, &c. The plaintiff replied that the note sued on was originally joint and several, and signed by said defendant, said *Bush*, and said *Patton*, and was payable in ninety days from date, but that before the money, the payment of which the note was designed to secure, was loaned, and before the delivery of the note to the

plaintiff, the same was altered by said *Bush*, by striking out "ninety" and inserting "sixty" as the number of days in which it was payable; that said alteration was made in the presence and with the consent of *Kirkpatrick*, the defendant to this suit, but in the absence and without the consent of *Patton*, one of the defendants to the former suit; for which reason, and because it was not the joint, and several note of said defendant, *Bush*, and *Patton*, the judgment set forth in said defendant's plea was rendered, &c.

A general demurrer to this replication, and a joinder in demurrer, terminated the pleadings.

The Circuit Court sustained the demurrer and rendered final judgment against the plaintiff.

The question presented for our decision is, whether, from the allegations upon the record, it appears that the former judgment relied on by the defendant, is a bar to the present action? If those allegations show that the merits of this suit were submitted and decided, or might have been decided, in the former action, the judgment in that action is a bar; if otherwise, it is not.

What, then, is the question of merits in the present, and what was it in the former suit? The question in this case is, whether the note sued on is valid as against *George W. Kirkpatrick*. The question in the former suit was whether it was valid as against *George W. Kirkpatrick*, *David Patton*, and *Samuel Bush*. The questions are not identical, though that in the former suit being the more comprehensive, its decision might have determined that embraced in the present. In the suit against the three persons, it might have been determined that neither of them was liable; that the note was void for want of consideration, or was a fraud or forgery upon all of them. In that event, the former judgment would be a bar to the present suit because it would have determined its merits. But suppose it was found in the former case, upon the general issue on which it was tried, that the note was invalid as to *Patton* alone, that as to him it was a fraud or a forgery, still, as it was an action of debt tried upon the general issue, the successful defence of one of the defendants would have defeated the suit as to all, and in such case that suit would not have determined the merits of

this, for the note may be valid as to *Kirkpatrick* and void as to one or both of the other defendants to the former suit. The replication in this case shows the former suit attempted to be set up in bar of the present, to have been according to the foregoing supposition, and that it did not determine the question of the present defendant's liability on the note sued on. The judgment in that suit is, therefore, no bar to the present action.

That such is the law, the authorities abundantly show. In a late case, *Miller* v. *Manice*, 6 Hill's *N. Y.* Rep. 114, Chancellor *Walworth*, in delivering the opinion of the Court of errors of that state, thus lays down the law upon this point: "It is no answer to the defence of a former recovery, that the form of action in both suits is not the same, or that all the plaintiffs or defendants in both suits are not the same. For if the same question was submitted to the jury in the first action, and the evidence in the last suit, if it had been given in the first action, would have been equally available as in the last, to entitle the plaintiff to recover under the state of pleadings in both, then the verdict and judgment in the first action, provided the defence is brought before the Court in the second suit in proper form, is an absolute bar to any recovery therein. 3 Sumn. 20. But where the form of the first action was such that the proof necessary to a recovery could only be brought forward in a different form of action, or where, from the number of the plaintiffs or defendants in the first suit, the testimony relied on in the second is sufficient to authorize a recovery in such second action, but could not have produced a different result in the first, the failure of the plaintiffs in the one suit is no bar to their recovery in the other, although it is for the same cause of action for which they attempted to recover in the first suit." In 2 Smith's Leading Cases, 443, it is said: "It need hardly be remarked that the effect of verdicts, whether upon parties or privies, altogether depends on the question, *whether the same point was in issue.* A verdict between two parties upon one question can, of course, have no binding effect in an issue joined between them on another. (See B. N. P. 233.) Nor will the verdict be admissible, unless it appears clear that the same point actually *was* in issue."

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

Nov. Term, 1846.

A. *Ingram* and *R. Jones*, for the plaintiff.

D. *Mace* and *A. M. Crane*, for the defendant.