Nov. Term,<br>1850.<br><br>Kirkpatrick<br>v.<br>Stingley.

---

## Kirkpatrick *v.* Stingley.

If the testimony offered in the second suit is sufficient to authorize a recovery, but could not have produced a different result in the first suit, the failure of the plaintiffs in the first suit is no bar to their recovery in the other suit, although it is for the same cause of action for which they attempted to recover in the first suit. It is only where the same question has been determined, that a former judgment is a bar.

If the vender of goods sold upon a credit sues before the purchase-money is due, and, for that reason, fails upon the trial under the general issue, the judgment is no bar to a subsequent suit after the purchase-money becomes due.

When a contract is several as well as joint, a judgment against one is no

bar to a subsequent action against all, nor is the judgment against all jointly, a bar to a subsequent action against one alone.

In this case the former suit was upon a joint and several obligation of *A.*, *B.*, and *C.* against all three. The judgment upon the issue made determined that *A.* and *B.* were not jointly liable with *C.*, but did not determine that *A.* was not severally liable on the obligation which was the question in the second suit. *Held,* that the judgment in the former suit was no bar to the second suit.

*Tuesday,
November 26.*

APPEAL from the *Tippecanoe* Circuit Court.

SMITH, J.—Assumpsit by *Stingley* against *Kirkpatrick*, upon a promissory note alleged to have been executed by the defendant in favor of the plaintiff, on the 29th of *May,* 1839, for the payment of 500 dollars sixty days after date. The defendant pleaded as follows:

1st. The general issue, verified by affidavit;

2d. That the note sued on is joint and several, and purports to have been executed by the defendant with *David Patton* and *Samuel Bush;* that the plaintiff had brought a former action upon the same note against all the makers, namely, *Kirkpatrick*, *Patton*, and *Bush*, in which action judgment was rendered for the defendants;

3d. That the plaintiff had brought a former action upon the same note against the defendant, and that, upon the issue joined therein, the judgment was for the defendant.

The plaintiff joined the issue tendered by the first plea, and replied *nul tiel record* to the third. He demurred to the second plea, but the demurrer was overruled, and judgment was rendered thereon for the defendant. This judgment was reversed by this Court at the *May* term, 1845, and the case was sent back with directions to the Circuit Court to permit the defendant to amend his plea.

In the Circuit Court the defendant then amended his second plea by adding the averments that the former action was brought for the non-performance of the same identical promises and undertakings in the present declaration mentioned; that process was not served upon *Bush;* that *Patton* and *Kirkpatrick* pleaded the general issue, which was joined by the plaintiff; and that a trial was had thereof, which resulted in a verdict and judgment for the defendants.

The plaintiff then replied to this plea that the note so signed by the defendants, *Bush* and *Patton*, was drawn payable ninety days after date, and before the money, to secure which the note was made, was loaned, the note was altered by *Bush*, with the knowledge and consent of *Kirkpatrick*, but without the consent of *Patton*, by striking out the word *ninety* and inserting the word *sixty* immediately before the word "days," and for that reason the plaintiff failed in his action against *Kirkpatrick*, *Patton*, and *Bush;* and that the note described in his present declaration is the note of *Kirkpatrick* and *Bush*, but not the note of *Kirkpatrick*, *Patton*, and *Bush*.

The defendant demurred to this replication, and the demurrer was sustained. This judgment was also reversed by this Court, and the cause was again remanded. See *Stingley* v. *Kirkpatrick*, 8 Blackf. 186.

The cause again being in the Circuit Court, the defendant filed a rejoinder to the replication to the second plea. The rejoinder alleges that all the evidence given on the trial of the former suit was as follows: The plaintiff gave in evidence the note described in the declaration in the present suit, signed by *Bush*, *Patton*, and *Kirkpatrick*, it being admitted by the defendants that the names of *Bush*, *Patton*, and *Kirkpatrick* were in their own handwriting, and it being admitted by the plaintiff that all the words in the body of the note were written in pale ink by *Patton*, except the words "sixty"—"to *Leonard Stingley*"—"the sum of five hundred dollars," which words were written with black ink, and were in the hand-writing of *Bush;* it being also admitted that the said word "sixty" was interlined by *Bush*, and the word "ninety," which was in the hand-writing of *Patton*, had been erased by lines in black ink drawn over it.

A demurrer was filed to this rejoinder and sustained.

The issue upon the replication of *nul tiel record* to the third plea was found for the plaintiff by the Court, and the cause went to a jury upon the general issue. This was also determined in favor of the plaintiff, who had judgment for the amount of the note.

Nov. Term,
1850.

KIRKPATRICK
v.
STINGLEY.

The evidence adduced at this trial is set out in a bill of exceptions. The plaintiff first offered a note which was in the following words:

*May* 29th, 1839.

Sixty days after date we or either of us promise to pay to *Leonard Stingley* or order the sum of five hundred dollars, for value received.                    *Samuel Bush.*

*David Patton* and *George W. Kirkpatrick,* surety.

The word "sixty" appeared to be interlined below the word "ninety," which had been erased. The plaintiff then proved, by two witnesses, that about the time of its date, the note, as originally drawn, payable in ninety days, and signed by *Bush, Patton,* and *Kirkpatrick,* was brought to the house of the plaintiff by *Bush* and *Kirkpatrick* for the purpose of procuring a loan from the plaintiff of 500 dollars; that the plaintiff told them he could not lend the money for ninety days, but was willing to let them have it for sixty days, if they would draw a new note payable at the end of that period; that *Bush* then, in the presence of and with the consent of *Kirkpatrick,* but in the absence of *Patton,* altered the note so as to make it payable sixty days after date, and the note so altered was then delivered to the plaintiff who advanced the sum of money for which it was given.

The defendant then offered the record of the judgment in the former suit. This record shows that a suit was commenced by *Stingley* against *Bush, Patton,* and *Kirkpatrick. Patton* and *Kirkpatrick* appeared and pleaded the general issue, process having been returned "not found," as to *Bush.* The defence relied on was the alteration of the note before mentioned, and the judgment was for the defendants.

The cause is now before us for the third time, the appellant contending:

1st. That the Court erred in sustaining the demurrer to the rejoinder to the replication to the second plea;

2d. That the Court erred in finding for the plaintiff upon the issue formed by the replication of *nul tiel record* to the third plea;

3d. That the evidence does not sustain the issue made by the first plea of non-assumpsit.

It is unnecessary to examine particularly whether the Court did or did not err in sustaining the demurrer to the rejoinder, as the defendant below was entitled to give, and did give, the record of the former suit in evidence under the general issue. If the proceedings in the former action afforded him any defence to this suit, such defence was as available under the plea of non-assumpsit as it could have been under the issue tendered by the second plea, replication, and rejoinder. He was, therefore, not injured by the decision upon the demurrer, even if that decision was erroneous.

With regard to the issue on the replication of *nul tiel record*, we think it clear that that issue was correctly found for the plaintiff. It is only where the same question has been determined that a former judgment is a bar. If the testimony offered in the second suit is sufficient to authorize a recovery, but could not have produced a different result in the first suit, the failure of the plaintiffs in the one suit is no bar to their recovery in the other, although it is for the same cause of action for which they attempted to recover in the first suit. *Miller* v. *Maurice*, 6 Hill's N. Y. R. 114. So, if the vendor of goods sold upon a credit sues before the purchase-money is due, and, for that reason, fails upon a trial under the general issue, the judgment is no bar to a subsequent suit brought after the purchase-money becomes due. 1 Greenl. Ev. ss. 530 –532.—*New Engl. Bank* v. *Lewis*, 8 Pick. 113. And when a contract is several as well as joint, a judgment against one is no bar to a subsequent action against all, nor is the judgment against all jointly a bar to a subsequent action against one alone. 1 Greenl. Ev. s. 539.—*The United States* v. *Cushman*, 4 Sumn. 426.—*Sheehy* v. *Mandeville*, 6 Cranch, 253–265.—*Lechmere* v. *Fletcher*, 1 C. & M. 623–634.

In the present instance, the former suit was upon a joint and several obligation of *Kirkpatrick, Bush,* and *Patton,* against all three. The judgment upon the issue

*Nov. Term, 1850.*

KIRKPATRICK
v.
STINGLEY.

made, determined that *Kirkpatrick* and *Patton* were not jointly liable with *Bush*, but did not determine that *Kirkpatrick* was not severally liable upon the note described in the declaration, which is the question now at issue. The point is quite different. He might be liable alone and yet not jointly. The judgment is not, in a legal sense, between the same parties nor upon the same contract.

We think the evidence given on the trial of this case was fully sufficient to sustain the verdict and judgment upon the cause of action described in the declaration. The note produced was a valid joint and several note of *Kirkpatrick* and *Bush*, but, in consequence of the alteration, the original obligation prepared to be entered into by *Kirkpatrick*, *Bush*, and *Patton*, was cancelled before it was executed. This evidence, therefore, shows that an action could not have been sustained upon it against *Kirkpatrick*, or *Kirkpatrick* and *Bush*, as an obligation in which he or they were bound jointly with *Patton*, and it is plain that such evidence could not have produced a different result at the former trial. We are, therefore, of opinion that the finding for the plaintiff on both issues is right.

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages.

*A. M. Crane* and *D. Mace*, for the appellant.

*R. Jones*, for the defendant.