## STATE v. JAMES HAZARD.

An indictment, charging the prisoner with fraudulently receiving stolen goods, knowing them to have been stolen, need not set forth the name of any person from whom the goods were received, nor that they were received from some person or persons unknown to the jurors finding the indictment.

Where an indictment contains two counts, the first charging the defendant with stealing certain goods, and the second, with receiving the same goods, knowing them to be stolen, it is in the discretion of the Court,-to which the indictment is presented, to proceed to trial upon both counts at the same time, or to compel the prosecutor to elect upon which count he will proceed to trial, and so grant a separate trial upon each count ; but after verdict it is no ground for a new trial that the Court refused to compel such an election.

The indictment contained two counts. The first charged the defendant with larceny, in stealing certain goods ; the second, after setting forth that the goods described in the first count had been stolen, charged the defendant with having fraudulently received the same, knowing them to have been stolen, but without alleging the name of any person from whom said goods were so received by the defendant, or that they were received from some person or persons unknown to the jurors finding the indictment. The trial was had in the Court of Common Pleas, before STAPLES, J., upon both counts, and the jury returned a verdict of not guilty upon the first count, and of guilty upon the second count ; and, thereupon, the defendant moved this Court for a new trial for error in the rulings of the Court below, and alleged the following grounds :

*First :* The counsel for the defendant called upon the Attorney-General to state, upon which count he would proceed with the trial, upon the reading of the indictment, and, after the testimony was closed, moved the Court to require the Attorney-General to elect upon which count he would go to the jury, and the Court declined so to do.

*Second :* The counsel for the defendant requested the Court to charge the jury, that it was incumbent on the government to allege in the indictment, and to support said allegation by competent proof, that the defendant received the goods, referred to in the second count, from some person or persons either known or unknown to the jurors finding the indictment, and, if no such receiving from some person is alleged and proved, the defendant could not be found guilty of the offence of fraudulently receiving stolen goods, knowing them to be stolen, and this request the Court refused to comply with.

*Jenckes* and *Blake,* for the defendant, contended. Where an indictment contains several counts, charging distinct offences, the accused has a right to a separate trial for each offence, and the government must elect upon which count it will proceed. In this indictment, not only are the offences distinct, but it is impossible that both could have been committed by the same person with reference to the same property; and each charge must be supported and defended by evidence of different facts, which could not fail to embarrass the prisoner. The fact of recent possession is evidence under the first count, but it is matter of defence under the second, yet could not be proved for that purpose, without supporting the first. *United States* v. *Peterson,* (1 W. & M. 322.)

63

*Rex* v. *Flower*, (3 Carr. & P. 413.) *Rex* v. *Galloway*, (1 Moo. C. C. 234.) 1 Whart. 106. 109. 130.) And though it is said the statute makes the receiving and stealing both larceny, yet this only regards the punishment, and the nature of the offence, and the proof in support of it, remains as at common law. And upon the second point they contended, that to make out the offence, it must be first proved that the goods were stolen by some person, and received, either directly or mediately, from him, with a knowledge that they were stolen; a person cannot be accessary to an act unless there be a principal; and every fact essential to an offence must be stated in the indictment. (2 Russ. 242.)

*Burgess, Attorney-General,* for the State, contended, That, whether the prisoner should be tried on each count separately, or on both united, was within the discretion of the Court, and this discretion could not be questioned after verdict. 1 Whart. 109. 128. *United States* v. *The Pirates,* (5 Wheat. 184.) And to the second point he cited II Russ. 244; 6 Carr. & Payne, 156; 6 Al. R. 645; 9 Yerg. 338; Archbold's Cr. Pl. 270.

BRAYTON, J. delivered the opinion of the Court.

It may be more convenient first to consider the second ground, assigned for a new trial, which is, that the Court declined to charge the jury, that it was incumbent on the government to allege in the indictment, that the defendant received the goods, referred to in the second count, from some person or persons either known or unknown to the jurors finding the indictment, and to support the allegation by proof, and that unless so alleged and proved the defendant could not be convicted on that count.

Now it is not so alleged, and it would clearly be of little service to prove what is not alleged, for if it be not material to allege it, it is because it is not a matter material to the issue. The objection, therefore, is to the count itself, and the defendant in effect says, that it is insufficient to warrant a conviction by reason of the omission.

Had the count alleged the name of the person from whom the goods were received, whether the allegation were necessary or not in law, the government would have been held to prove the receipt from that person, and not from another; but would not have been held to the same strictness, if they were alleged to have been received from a person to the jurors unknown. It was once held that such count could not be sustained by proving the receipt of the goods from a known person; but this point has since been so far overruled, that the person who committed the larceny has been admitted as a witness to prove the fact of the larceny, and that the prisoner received the goods from him, and the prisoner thereupon convicted.

The usual form of the indictment in the English cases does not allege at all, from whom the goods were received, and the question, in the English Courts, has arisen upon the allegations as to the persons by whom they were stolen.

In the case of *Rex v. Jarvis*, (6 C. & R. 156,) before TINDAL, C. J., the first count charged the prisoner with receiving goods knowing them to have been stolen by one Joseph Ridge, and the second, with receiving goods knowing them to have been stolen by an evil disposed person. It was objected, that the count did not allege the name of the evil disposed person, or that he was un-

known. TINDAL said, "It will do. Some objection is founded on the too particular form of the indictment. The offence created by the statute is not the receiving the goods from any particular person, but receiving them knowing them to have been stolen. The question, therefore, will be, whether the goods are stolen, and whether the person received them, knowing them to have been stolen."

In *Rex* v. *Caspar*, (9 C. & P. 289,) the first count charged that a certain evil disposed person stole one hundred and two pounds weight of gold dust; another count charged one of the prisoners with abetting the said evil disposed person; another charged Caspar with receiving the said one hundred and two pounds of gold dust, of the goods, &c., "before then feloniously stolen, taken and carried away, in manner and form aforesaid," well knowing the same to have been stolen; there was a similar count against E. Moses, and another similar count against A. Abrahams. The objection made was, that the persons who committed the larceny were not named, and the question was reserved and considered as of a motion in arrest of judgment. WILLIAMS, J. delivered the opinion of thirteen of the judges, and said, "The judges have considered the question, and having considered it, they have come to the conclusion, that there was nothing erroneous in that part of the prosecution, and that, upon those counts which charged you as receivers of stolen goods, well knowing them to have been stolen, you were, in point of law, properly convicted." That count neither alleged by whom the property was stolen, nor from whom received.

In *Rex* v. *Pulham & others*, (9 C. & P. 280,) the first count charged three of the prisoners with stealing a car-

pet-bag and several articles therein, and the other two were charged with receiving separately certain of the goods; another count charged Thomas with the substantive felony of receiving a portion of the goods, and there was a similar count against White, another prisoner. The jury found a verdict of guilty on the two last counts, and not guilty on the others. On motion in arrest, on the ground that the principal being acquitted, the principal could not have judgment, KEATING said, "the form of count used to allege the receiving from the principal, and the substantive count was introduced to prevent an acquittal, if it should turn out that the receiving was from some other person, but still the principal must be found to have committed the felony." The objection was overruled.

In *Regina* v. *Craddock*, (1 Eng. L. & E. R. 563,) the first count charged the prisoner with stealing a promissory note for £10, in common form; the second, with stealing it from the person; a third count charged that Henry Craddock, at, &c., " the goods and chattels aforesaid, so as aforesaid stolen, taken and carried away, feloniously did receive and have, well knowing the said," &c., to have been feloniously stolen. Upon a motion in arrest of judgment, because the count charged that the goods were stolen by Henry Craddock, and then received by him, and as the jury had found he was not the principal, that count was negatived, and that if the name of the principal is stated it must be proved, it was said, " We are all of the opinion that the conviction on the last count is good. Some of the Court think that the words, " so as aforesaid," do not import into that count the words, " stolen by Henry Craddock;" others hold, that if they did, the finding is nevertheless perfectly good."

The Court evidently distinguish between a receiving as accessary, as at common law, and a receiving under the statute, as for a substantive felony. In *Rex* v. *Caspar*, the Court held, as to such accessary, it was necessary to allege the name of the principal. But in this case, some of the judges intimated that the principal was not named, and the count nevertheless good ; others, that, if he were named, the receiving proved might be from another person than the principal, though not named, and that he might be convicted on both counts. The omission of the name of the person from whom received is not intimated as objectionable, but rather the stating it as altogether unnecessary.

It is quite evident, from these cases, that such an allegation has not been supposed to be necessary. The offence is not, as was said by TINDAL, C. J., the receiving of stolen goods from any particular person, but the receiving knowing them to have been stolen; it is not that of an accessary, which requires the name of the principal to be alleged, and, what would follow necessarily, that the receipt must be from him to make him accessary. The offence is one created by the statute, and declared to be larceny, and is very properly joined with a count for larceny at common law.

In this case the offence is substantially set forth in the second count, in alleging that the goods were stolen, and received by the defendant, well knowing at the time he received them, that they were stolen, without stating from whom he received them. The forms which have been supported against all objection, so far as can be collected from the different cases, have not contained this allegation, and have been sustained without it. And we are of opin-

State *v.* Hazard.

ion that, so far as this point is concerned, the conviction is good, and that judgment ought not to be arrested.

The other ground is, that the judge, who tried the cause, refused to require the Attorney-General to elect upon which count of the indictment he would submit the cause to the jury. And the counsel contend that it is a matter of right, and that the judge was bound, upon motion, to require the Attorney-General so to elect, and not matter in his discretion. If this were so, a new trial must necessarily be granted ; for the plaintiff would not have had a legal trial, while his legal rights were denied. But we think that this is not the law, and that this position is not sustained by authority.

In *Rex* v. *Young and others*, (3 Term 98,) the indictment, which was for obtaining money by false pretences, contained two counts, the first charging the false pretence as a " bet with a colonel in the army, then at Bath ;" the second, as a bet made with Omer, one of the defendants. It was objected, that here were two distinct offences charged in the same indictment, that the prisoners might be embarrassed in their defence and the minds of the jury distracted. BULLER, J., in giving his opinion, said, " On the face of an indictment, every count imports a different offence ; but if it appear by the plea that the defendant is to be tried for different offences, it has been the practice to quash, lest it should confound the prisoner in his defence, or prejudice him in his challenges ; and, if it be not discovered in time, the judges may compel the prosecutor to elect, on which he will proceed ; but it is only matter of prudence and discretion, And so where several defendants are tried together, and the evidence will affect them differently, the judge will separate the evidence and put the issues distinctly to the jury sepa-

rately. All this, however, is matter of discretion only, which judges exercise in order to give a person a fair trial. But where a verdict is given, these are not the subject of any objection to the record."

The same doctrine is recognized in *Rex* v. *Austen*, (7 C. & P. 796,) and there are several American cases to the same effect; *Weinzorpflin* v. *The State*, (8 Blackf. 186,) in which it was said, it is in the discretion of the Court, and, if refused, is no ground for any motion afterwards. In *Hampton* v. *The State*, (8 Hump. 69,) the indictment contained two counts, one for stealing, the other for receiving. The motion to compel an election was made before plea, and the Court held, that it might in its discretion quash or compel an election, but it was no ground of error, demurrer, or arrest of judgment, and that for the purposes of justice such charges must often be united, as it might be uncertain whether the proof would sustain the greater charge of larceny or the lesser one of receiving. In *The State* v. *Rynders*, (12 Wend. 425,) the first count charged the defendant with forging a check, and the second with publishing it, knowing it to be forged; and the Court held, that these two counts were properly united both in the indictment and trial; that when offences, of the same character, differing only in degree, are united in the same indictment, the prisoner may and ought to be tried upon both charges at the same time.

It is not shown in this case, nor is it pretended, that the defendant had not a fair trial, that the evidence was not sufficient to prove all the allegations in the second count, or that he was in any way prejudiced in his defence by the refusal to compel the Attorney-General to elect, more than would happen in every case, where such counts are joined in one indictment and tried at the

same time. . If a new trial, therefore, is granted, it must be because the election may be demanded in every case, as a matter of right, but as we are of the opinion, that it is a matter purely in the discretion of the Court, we do not feel warranted in granting a new trial for this cause.

*New trial denied.*