LEACH *v.* LEACH.

LEACH
v.
LEACH.

A cause in chancery, brought to issue, hearing and decree upon the merits, under the former practice, will not, upon a reversal of the decree by this Court, be opened for new pleadings or a new trial. Such causes are finally disposed of on the hearing in the Supreme Court.

It is no defense to a suit to obtain relief for a breach of a continuing covenant to allege a former recovery, for a breach of the same covenant; for successive actions may be brought for successive breaches of such a covenant.

And where the complaint, in such case, alleges a continuance of the breach down to the commencement of the suit, and the former suit pleaded was commenced a year previously,—*held*, that the former suit only covered prior breaches, and hence, that the defense did not go to the whole cause of action.

And an answer alleging a former recovery for the same cause of action is bad for the same reason.

The covenant alleged to be broken was a condition subsequent to a conveyance of real estate. *Held*, that an answer setting up a former recovery, but failing to allege payment of the judgment, is bad; for it is very doubtful whether an unsatisfied judgment recovered upon breach of a condition subsequent, is a waiver of the right to enforce a forfeiture.

*Quære*, whether the naked right to take advantage of the breach of a condition subsequent by entry, is subject to sale on execution.

APPEAL from the *Floyd* Circuit Court.

Saturday,
May 29.

PERKINS, J.—This was a bill in chancery, filed on the 21st day of September, 1849. The bill alleged that the complainant, *John S. Leach,* and his wife, on the 3d of *April,* 1834, conveyed to their son, *Jacob B. Leach,* ninety acres of land, on the condition subsequent that he should make a certain provision for them during their lives, and that of the survivor of them. It charges that he had, for a long time, refused, and was still refusing to fulfill the conditions; that the complainants, on the 28th of *September,* 1848, sued the said *Jacob* at law, and recovered for a breach of said condition, &c. The bill prayed that the conveyance to said *Jacob* might be set aside, &c.

The defendant answered the bill, admitting or denying all its allegations.

Afterwards, at the *October* term, 1850, and on the 19th day of that month, by agreement of the parties, the cause was set down for hearing on the bill, answer, supplemental bill and answer, exhibits, depositions and admissions; and

after due deliberation, the Court found that the bill was not sustained, and rendered a decree of dismissal.

The complainant appealed to this Court, and obtained a reversal of that decree. *Leach* v. *Leach*, 4 Ind. R. 628. In giving their opinion the Court said, that it was clearly established that *Jacob*, the grantee, had failed to perform the conditions subsequent, and had forfeited the estate. The Court then proceeded to state what would be the proper basis of a final decree in the premises, upon the record, and remanded the cause for further proceedings, to be had in accordance with the opinion.

On the return of the cause to the Circuit Court, the defendant claimed the right to file another answer, setting up different grounds of defense from those taken in the first, and to have a trial by jury. The Court refused to permit this, but proceeded to render a final decree upon the basis indicated in the opinion of this Court.

We think the Circuit Court did right.

This, it will be observed, is an old chancery cause, brought to issue, hearing and decree upon the merits, under the former practice. This class of cases, it has not been the course of the Court to open up, upon reversal, to new pleadings, and a new trial; but, on the contrary, it has been the invariable rule to make a final disposition of all such on the hearing here, instead of remanding them for a new trial. *Gale* v. *Grannis*, 9 Ind. R. 140. Such was, in effect, the former decision in this case.

And if we look into the defenses offered and rejected, so far as they are placed before us by a bill of exceptions, we shall discover that the defendant was not injured by the ruling of the Court.

One of those defenses was contained in a paragraph of the answer, as follows:

That on the 28th day of *September*, 1848, an action of covenant was instituted against him, by the said *John S. Leach*, for a breach of the covenant of support, &c., in which suit a judgment was obtained against him; that the covenant is the same referred to in plaintiff's complaint; and that he has fully paid said judgment.

To this paragraph there are two valid objections:

1. Though it alleges that the covenant in this and the former suit is the same, it does not allege that the cause of action is the same. And as the covenant is a continuing one, on which successive actions may be brought for successive breaches, the paragraph in no manner shows that the two suits are upon the same cause of action.

2. The present suit was commenced on the 21st of *September*, 1849, and is, as we have seen, upon a continuing covenant; and the complaint alleges a continuance of the breach of the covenant, down to the commencement of the suit. The former suit pleaded was commenced a year previous, and could only cover prior breaches; and hence the paragraph in the answer setting up the former suit, does not, as appears upon the face of the pleadings, go to the whole cause of action.

Another paragraph of the answer was similar to the above, except that it averred the cause of action to be the same. Still, for the reasons above assigned, it did not answer the whole cause of action.

There was another paragraph similar to the two former, except that it did not aver a payment of the previous judgment pleaded. This is, perhaps, an additional objection. It is certainly very doubtful whether an unsatisfied judgment recovered for a breach of a condition subsequent, of this character, is a waiver of the right to enforce the forfeiture. See *Sanborn* v. *Woodman*, 5 Cush. 56.

Another of the defenses proposed to be set up was, that the defendant, *Jacob*, had recovered a judgment against his father, the complainant, in a suit for use and occupation of a house situated upon the ninety acres conveyed to him by his father, upon which judgment he had caused execution to issue, and the right of his father in the land to be sold by virtue thereof, he, the son, becoming the purchaser.

In regard to this defense it may be observed—

1. That it is doubtful whether the naked right to take advantage of the breach of a condition subsequent by entry is subject to sale on execution. See *Cross* v. *Carson*,

Vol. X.—18

May Term, 1858.

LEACH
v.
LEACH.

8 Blackf. 138; *Thompson* v. *Thompson*, 9 Ind. R. 323; 8 Ohio R. 21; 11 *id.* 355.

2. In the bill and supplement upon which the cause was originally heard, it was charged that the judgment in question was fraudulent. If it was so, it could have been set aside upon that hearing; and the fact that a sale had taken place upon it would not change the situation of the defendant, *Jacob*, the plaintiff in that judgment, because he himself was the purchaser at the sale. The questions upon the validity of the judgment, the effect of the sale, &c., fairly arose upon the case as first presented, and seem to be included in the former decision of this Court. *Leach* v. *Leach, supra.*

*Per Curiam.*—The decree is affirmed with costs.

*W. T. Otto* and *J. S. Davis,* for the appellant (1).

*R. Crawford,* for the appellee (2).

(1) Upon the first point stated in the syllabus, counsel for the appellant cited 2 R. S. p. 223, § 799; *Id.* p. 161, § 570; *Williams* v. *The New Albany, &c., Railroad Co.* 5 Ind. R. 111. Touching the several new defenses set up by the appellant, they cited *The U. S.* v. *The Bank of the U. S.* 5 How. 382; 4 Rawle, 287, 289; 2 Blackf. 180; 17 Pick. 7, 14; 6 Wheat. 109; 7 Johns. 21; 8 *id.* 384; Com. Dig. tit. Action, K, 3; 3 Edwards, 138; 11 Paige, 414; R. S. 1843, p. 454; R. S. 1838, p. 276; 6 Blackf. 113; 2 R. S. p. 308, § 1; 2 H. Bl. 444; *Jackson* v. *Varick,* 7 Cow. 238, 244; 8 Yerg. 46; R. S. 1843, p. 751, § 424.

(2) Touching the several new defenses, Mr. *Crawford* cited *Sanborn* v. *Woodman,* 5 Cush. 56; 4 Ind. R. 629; WALWORTH Ch. in *Stuyvesant* v. *New York,* 11 Paige, 428; *Modisett* v. *Johnson,* 2 Blackf. 431; *Hutchins* v. *Hanna,* 8 Ind. R; 533; *Russell* v. *Houston,* 5 *id.* 180; *People* v. *Haskins,* 7 Wend. 463; *Jackson* v. *Varick,* 7 Cow. 244; *McKissick* v. *Pickle,* 16 Penn. State R. 140; *Marks* v. *Marks,* 1 Strange, 129; *Jones* v. *Roe,* 3 T. R. 88; *Roe* v. *Griffiths,* 1 W. Bl. 606; 2 Cruise, 39; *Hayden* v. *Stoughton,* 5 Pick. 528; *Jackson* v. *Varick,* 7 Cow. 238; R. S. 1843, p. 485, § 1; 2 R. S. p. 308, § 1. Upon the first point stated in the syllabus, he cited 2 R. S. p. 161, § 570.