## BLOCK ET AL. *v.* EBNER.

LANDLORD AND TENANT.—*Covenant to Repair.—Continuing Covenant.* — A covenant by the lessor in a written lease, to keep the demised premises in repair during the term granted, is a continuing covenant liable to successive breaches, for each of which, on its occurring, an action may be maintained by the lessee.

SAME.—*Breach of Continuing Covenant.—Action.—Damages.*—In an action for damages resulting from a breach of a continuing covenant in a written lease, the recovery should not include damages which may accrue thereafter during the remainder of the term.

SAME.—*Successive Actions for Same Breach.—Former Adjudication.*—A continuance of a breach of a continuing covenant, after the commencement of a suit for damages therefor, is, in law, a renewal thereof, for which another action may be maintained; and a recovery in the former is no bar to the latter action.

SAME.—*Action on Covenant for Rent.—Counter-Claim for Breach of Covenant to Repair.*—Where a written lease, containing a continuing covenant by the lessor to repair, contains also a covenant by the lessee for the payment of a stipulated rent at specified times, in a suit by the lessor, against the lessee, to recover for a breach of the covenant for the payment of rent, the lessee may set up a counter-claim for damages for a breach of the covenant to repair, notwithstanding the fact that in a former action to recover rent for a former period, the lessee recovered damages on a counter-claim for a breach of such covenant to repair.

PRACTICE.—*Motion for New Trial.—Record.—Appeal to Supreme Court.*—A motion for a new trial of a cause is part of the record on appeal to the supreme court, without being made so by a bill of exceptions.

From the Knox Circuit Court.

*G. G. Reily, W. C. Johnson, S. W. Short* and *J. S. Pritchett,* for appellants.

*F. W. Viehe,* for appellee.

PERKINS, J.—Appellee leased to appellants, for the term of three years, with privilege of five, at the annual rent of fifteen hundred dollars, payable quarterly, the following premises: "The buildings and grounds thereunto belonging, being heretofore known and designated as the Harrison Brewery, situated in the city of Vincennes, State of Indiana, together with all the appurtenances and necessary fixtures thereunto belonging * * *. And the lessor further agrees to keep said building, (except the cellar and washhouse flooring,) during the continuance of this lease or any renewal thereof, in good order and repair; and should said premises require any attention or repairs before said lessees enter the same and take possession, said lessor agrees to make the same at his own expense." The lease became operative on the 15th day of October, 1872.

This suit was brought by appellee, against appellants, for three hundred and seventy-five dollars, being the amount due for the fourth and last quarter of the first year's rent.

The appellants answered by way of counter-claim, admitting the lease and the unpaid quarter's rent, etc., but they averred that appellee had broken the covenants in said lease, on his part to be performed, in this; that, although specially requested, etc., he had not put and kept in repair said brewery, and that in consequence of appellee's neglect to do so, the loss appellants had sustained during the said fourth quarter, for the rent of which this suit was brought, had been the large sum of six thousand dollars, for the excess of which, over the stipulated rent of said quarter, they claimed judgment.

The appellee replied to this counter-claim thus; That in August, 1873, he, the appellee, sued the appellants for the rent due for the first three quarters of the first year of said lease, ending July 15th, 1873; that the appellants, the lessees, then and in that suit set up a claim for dam-

ages for the same breaches of the covenants in the lease by the lessor, alleged in this suit; that under proper issues the cause was tried and the appellants, the lessees, recovered judgment against the appellee, the lessor, for fifteen hundred dollars damages, which judgment remains in full force, etc.

There was a trial by jury in the cause now before us, verdict for the plaintiff for the quarter's rent sued for, and the following motion for a new trial was filed:

" The defendants move the court for a new trial, because the verdict of the jury is contrary to law;

" 2. Because it is contrary to the evidence;

" 3. Because of error occurring at the trial and excepted to by the defendants in this; that the court erred in giving to the jury instructions numbered one, two, three and four, each, respectively."

The motion was overruled and judgment rendered. Exception was taken, and sixty days were given in which to file a bill of exceptions.

On the trial, after the defendants had closed their evidence, the plaintiff gave in evidence the record of the former trial and judgment, set up in his reply. That cause was tried in September, 1873. The cause of action alleged in the complaint in that cause was rent due and unpaid for the first three quarters named in the lease. The defendants, by way of counter-claim, alleged that the plaintiff had not fulfilled, but had broken, the covenant contained in the lease, on his part, in failing and refusing to repair, etc., to the defendants' damage, etc. The plaintiff replied in denial. The cause was tried by jury, and the defendants had a verdict on their counter-claim for fifteen hundred dollars. A motion for a new trial was refused and judgment rendered.

On the trial of the cause now before this court, the court instructed the jury thus:

" 4. In support of the plaintiff's reply, he has read in evidence the record of the proceedings and judgment in

an action between him and the defendants, tried and determined in this court, at the last term. That record is, prima facie, in legal contemplation, a bar to the recovery of any damages under the counter-claim pleaded in the present action. And, as there is no evidence in this case tending to destroy the prima facie effect of that record, it will be the duty of the jury to disregard any evidence given in support of the counter-claim and return a verdict for the plaintiff for three hundred and seventy-five dollars, and six per cent. interest thereon from October 15th, 1873.

"Given and excepted to by defendants.

"Short & Pritchett and Riley & Johnson, attorneys for defendants.      N. F. Malott, Judge."

The bill of exceptions contains the evidence and instructions.

There is an assignment in this court of but a single alleged error, viz.; that the court erred in overruling the motion for a new trial.

The motion for a new trial is not contained in the bill of exceptions, but it is a part of the record, notwithstanding.

One of the causes alleged in the motion for a new trial was error of the court in giving instruction number four, which we have copied above, and whether the giving of that instruction was error is the only question which we are called upon to decide.

We think the instruction was erroneous.

The record of the former trial shows that the rent there sued for by the appellee was the rent for a period of nine months, and that the damages demanded in the counter-claim were those that had occurred during that identical period of nine months. The instruction of the court could only be justified upon the theory that there could be but one breach of the covenant, and but one suit for damages, and that all the damages accrued, and to accrue for the three or five years therefrom, could be recovered in such suit. But in such a case as this, such would be

an inequitable as well as an unreasonable rule; because, where the breach occurred a considerable time before the expiration of the lease, it would not be known that the breach would extend through the entire period of the lease. The lessor might step in at any time and comply with his covenant to repair, so as to bar the right to damages thereafter. The covenant in this case is a continuing covenant, and is capable of successive breaches. The rent upon the lease was continuously accruing, but was payable periodically. The covenant of the lessor was continuously running, and liable to repeated breaches; and it is in harmony with the theory of our law of counter-claim, that whenever the lessor should sue for the rent of a given period, the lessees should have the right to counter-claim their damages occasioned by breaches existing during the same period; and that they may do so, has been, in principle, expressly decided by this court, in the case of *Leach* v. *Leach*, 10 Ind. 271.

It was there held, that "It is no defence to a suit to obtain relief for a breach of a continuing covenant to allege a former recovery, for a breach of the same covenant; for successive actions may be brought for successive breaches of such a covenant. And when the complaint, in such case, alleges a continuance of the breach down to the commencement of the" (second) "suit, and the former suit pleaded was commenced a year previously," (it was) "held that the former suit only covered prior breaches, and hence, that the defence did not go to the whole cause of action" (in the second suit). See, also, *Stingley* v. *Kirkpatrick*, 8 Blackf. 186.

The case of *Leach* v. *Leach*, above cited, recognizes the fact that a continuance of the breach sued for, after the commencement of such suit, is regarded in law as a successive breach, for which another action will lie.

An analogy is furnished in the remedy for a continuing trespass. "If a man throws a heap of stones, or builds a wall, or plants posts or rails on his neighbor's land, and

there leaves them, an action will lie against him for the trespass, and the right to sue will continue from day to day, until the incumbrance is removed. An action may be brought for the original trespass in placing the incumbrance on the land, and another action for continuing the thing so erected; for the recovery of damages in the first action, by way of satisfaction for the wrong, does not operate as a purchase of the right to continue the injury." 1 Addison Torts, p. 332. See, also, 2 Hilliard Torts, 4th Ed., p. 6; *Miles* v. *Wingate,* 6 Ind. 458.

The judgment is reversed, with costs. Cause remanded for further proceedings in accordance with this opinion.