#### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1828, IN THE THIRTEENTH
YEAR OF THE STATE.

---

## CUTLER *v.* COX.

If a plea of former recovery contain sufficient matter to show that the causes of action
in the two suits are the same, and that the merits were determined in the first case,
the plea is good; and it is not essential to the validity of the plea, that the forms of
the two actions be the same.

A plea of former recovery to an action on the case founded on tort, cannot be objected
to merely because the first action was covenant; the causes of action appearing to be
the same.

In the sale of goods with an express warranty as to their quality, assumpsit lies for the
breach of contract not under seal, or case lies for the commission of the tort. So, if
an injury be occasioned by the negligence of an attorney, or of a stage proprietor, as-
sumpsit lies on the undertaking or case upon the duty.

If the breach of contract, for which an action of covenant is brought, was accompanied
with fraud, the fraud is a proper subject of inquiry in that action, and may be special-
ly averred in the declaration.

If a plea of former recovery aver the causes of action to be the same, and the record do
not show them to be different, the averment, on a demurrer to the plea, must be taken
as true.

When an action on the case is brought for fraud in the breach of a contract, the gist of
the action is the fraud committed at the time of the breach; and if the plaintiff can-
not maintain an action for the fraud committed at that time, no subsequent damages
will enable him to maintain it.

To an action of covenant for not furnishing such a boat as is required by a contract
under seal, accord and satisfaction may be pleaded in bar; and if, on the trial of an

issue to a replication denying the plea, there be a verdict and judgment for the defendant, the merits of the case are settled, and the judgment is a bar to any future action, though founded on tort, for the same cause.

If there be two pleas, each to the whole cause of action, and one on demurrer be adjudged good, the plaintiff can proceed no further.

ERROR to the *Johnson* Circuit Court.

BLACKFORD, J.—This was an action on the case founded on tort. The declaration contains four counts. The first three state that the parties entered into an agreement under seal, by which the defendant became bound to build for the plaintiff a good and sufficient *New-Orleans* boat, for a certain and fair price; that the boat was built and delivered, and the price paid; that at the time of delivery there were defects in the boat, which were under the water and not discoverable; that on taking the boat about two miles from the place of delivery, it sunk in consequence of those defects. The first two counts aver that the defects were known to the defendant; and the third contains an express warranty. The fourth count states, that the plaintiff bargained with the defendant to buy of him a *New-Orleans* boat for a certain price; that the price was accordingly paid, and the boat delivered as a good and sufficient *New-Orleans* boat: the averments in this fourth count as to the defects, the defendant's knowledge, and the loss of the boat, are similar to those in the first two counts. All the counts allege special damage to a large amount, occasioned by the loss of the boat.

There are two special pleas in bar. The first is substantially as follows: that the plaintiff had previously impleaded the defendant in a plea of covenant, to recover damages for the non-performance of the agreements in the several counts of the present declaration mentioned; that the defendant pleaded an accord and satisfaction, on which issue was joined; that the parties produced their evidence on the trial of that issue; and that the verdict and judgment were in favour of the defendant, and were still in force. The plea also avers that the *New-Orleans* boat, mentioned in the action of covenant, is the same with that in this suit mentioned; and that the sealed agreement, set forth in the action of covenant, and the agreements, breaches, and offences, in the present declaration mentioned, are the same identical agreements and breaches, and not other differ-

Nov. Term,
1828.

CUTLER
v.
Cox.

ent agreements, offences, or breaches.   There was a general demurrer to this plea, and judgment for the defendant.

As to form, this plea is very defective; but with that objection we have nothing to do on a general demurrer.  If it contains sufficient matter to show that the causes of action in the two suits were the same, and that the merits were determined in the first case, the plea is a good bar.

The first inquiry then is, were the causes of action the same? All the counts in the present action, it is true, are founded in tort; but, at the same time, they all set out a contract, and show that this action is brought for a deceit in the performance of that contract.   The first three counts explicitly state the contract to be under seal; the fourth is silent as to the seal, but the plea avers the agreement here stated to be the same sealed agreement mentioned in the other counts, and the demurrer admits it to be so.   The counts, also, all show that the contract was for the delivery of an *Orleans* boat, and that the injury complained of, consisted in the boat's not being as good as the plaintiff had a right to expect.   It is consequently plain, that these causes of complaint, here set out in this action on the case, are the legitimate foundation of an action of covenant; being the breaches of a contract under seal.   Fraud to be sure is alleged in these breaches, but that circumstance tends to strengthen the idea of a violation of the contract.   This fraud in the breaches shows, perhaps, that an action on the case for the deceit might have been supported; but it does not furnish the shadow of a reason against the propriety of an action of covenant, for the fraudulent breach of contract.   That there should be two different forms of action for a redress of the injury here complained of, is nothing extraordinary.   Similar occurrences are not unfrequent.   For example, if in the sale of goods there be an express warranty as to their quality, assumpsit lies for the breach of contract not under seal, or case lies for the commission of the tort.   So, if an injury be occasioned by the negligence of an attorney, by that of a coach proprietor, &c., you may bring assumpsit on the undertaking, or case upon the duty. Other instances might easily be given.   The circumstance, then, that the former was an action of covenant, is no evidence that the same injuries may not have been redressed by it, for which this action on the case is brought.

Nov. Term,
1828.

CUTLER
v.
COX.

The plaintiff contends, that, to the plea in the former suit, he could not reply the fraud set out in the present one. Whether he could or not, we shall not stop to inquire. The fraud in the breach of contract for which this action on the case is brought, was a proper subject of inquiry in the action of covenant. The plaintiff was bound, when he resorted to the action of covenant, to adopt the measures best calculated to secure an examination, in that suit, not only of the breach of contract, but of the fraud connected with it. His declaration was the appropriate place for any special averment of the fraud, like that he speaks of, which might be deemed essential to a full investigation of the subject. If the fraud was not averred nor investigated in the first suit, the plaintiff should have shown it; and then it would have been proper to examine whether that could make any difference: No such thing, however, is shown; on the contrary, as the breach and offences in the second action complained of, are averred by the plea to be identically the same with those complained of in the first action; and as this fact is not only uncontradicted by the record, but admitted by the demurrer to the plea; we are bound to presume that all the fraud alleged in the present action on the case, was included in the former action of covenant.

The plaintiff further contends, that in the action of covenant the subsequent damages could not have been known; and that, therefore, for those at least this action will lie. This position is as untenable as the other. The gist of the action on the case, is the fraud committed at the time of the breach of contract in the delivery of the boat. If the plaintiff cannot maintain his action for that fraud, committed at that time, no subsequent damages will enable him to maintain it, because those damages cannot of themselves constitute a cause of action. This principle is established by a very early case. A man brought an action of assault and battery for beating his head upon the ground, and recovered. Afterwards a piece of his skull came out in consequence of the same battery, and he sued again. The former recovery, however, was held to be a bar to the subsequent suit. *Fetter* v. *Beale*, Salk. 11. That decision is referred to with approbation by Justice *Holroyd*, in the late case of *Howell* v. *Young*, 5 Barn. & Cress. 259. The subsequent damages, therefore, not constituting a ground of action,

furnish no reason for supposing the cause of the present suit to be different from that of the former one.

From the view which we have now taken of this case, the record does not appear to show any difference in these causes of action. To establish the difference, the plaintiff relies on the facts, that the first suit is covenant, and the second case; that the gist of the one is contract, and of the other fraud; and that damages, covered by the last suit, have accrued since the termination of the first. These circumstances have been examined, and we find them all to be perfectly consistent with the idea, that the causes of the two suits are substantially the same. The record, therefore, showing no difference in the causes of these actions, and the plea averring them to be the same, the plaintiff, in making the objection, should have denied by a special replication, that they were the same, and have thus submitted the question to the determination of a jury. Instead of doing so, however, he demurred to the plea, and thus trusted the fate of his objection to the face of the pleadings. That being the case, and the record not showing the causes of action to be different, they must be considered to be the same.

The second inquiry is, were the merits of the cause tried in the action of covenant? The plea was accord and satisfaction. The plaintiff contends that, as his action was founded on a deed, this plea was no bar. He did not, however, trust to a demurrer; and, if he had so trusted, he would have failed. The objection is not tenable. The action of covenant was for a wrong in the furnishing of a boat, and the object was to recover damages for that wrong. But if the plaintiff had already received a satisfaction for the injury complained of, his right of action was gone; and the defendant could certainly plead the satisfaction in bar. This is the decision in *Blake's* case, 6 Coke, 44. The plaintiff, in answer to the plea, had a right to show that it was not true; or that the satisfaction was not a legal one. He chose to rest his case on the former ground, and accordingly replied to the plea by denying the accord and satisfaction. Issue was joined upon that replication; both parties produced their evidence at the trial; and a verdict and judgment were rendered for the defendant. This settled the merits of the action of covenant; a competent tribunal having determined that for the injuries there complained of, the plain-

tiff had received a full compensation. It settles also the present action on the case; because the substantial causes of the two actions being the same, as has been already shown, the decision which put an end to the one, must of course be a bar to the other. *Nemo bis vexari pro eadem causa*, is one of the first maxims of the law.

The plea therefore in this cause, of a former recovery, is a sufficient bar. There is another special plea, but it is unnecessary to examine it. One plea to the action, being adjudged good on demurrer, the plaintiff can proceed no further.

*Per Curiam.*—The judgment is affirmed with costs.

*Hester, Sweetser,* and *Gregg,* for the plaintiff.
*Whitcomb* and *Fletcher,* for the defendant.