May Term,
1844.

Paine
v.
The State.

Paine and Another *v.* The State.

A plea to a *scire facias* on a recognizance, of a former judgment in the same cause of action, must show what the defence in the first action was, and that it involved the merits of the case.

Averments in such *scire facias*, that the recognizance was filed in the clerk's office on a certain day and was then recorded, and that it was afterwards, on a different day, filed and recorded in open Court, are not repugnant.

The *scire facias* in such case averred, that the recognizance was taken by the president judge of the third judicial circuit at *South Hanover* in that circuit. The recognizance, which was set out *in hæc verba* in the *scire facias*, did not show where it was taken. *Held*, that there was no variance.

A president judge could not, under the statute of 1838, take a recognizance, out of Court, returnable to a Circuit Court out of the county in which it was taken.

Monday,
July 15.

ERROR to the *Switzerland* Circuit Court.

Dewey, J.—This was a *scire facias* by the state against *Herbon* and *Paine*. The writ recites that, on the 28th day of *June*, 1839, the president judge of the third judicial circuit filed in the office of the clerk of the *Switzerland* Circuit Court a recognizance taken before him, to be recorded, and that it was then recorded by the clerk ; the writ also recites that, at the *October* term, 1839, of the same Court, the judge filed the same recognizance in open Court, which was by order of the Court spread upon the order book. The recognizance is set out *in hæc verba*, showing that the defendants, on, &c., appeared before the president judge and " severally acknowledged themselves to owe and be indebted to the state of *Indiana* in the sum of 700 dollars, to be levied of their respective goods," &c. The condition was, that *Herbon* should appear, &c., and answer a criminal charge therein specified. The caption of the recognizance did not show the place at which it was taken ; but the *scire facias* averred that it was taken at *South Hanover* in *Jefferson* county, in the third judicial circuit, and that the president judge had full authority to take it. *Herbon* made default. *Paine* appeared and pleaded, 1. That there were no such record and recognizance as those set out in the *scire facias;* 2. That there was no such recognizance ; 3. That, after entering into the supposed recognizance by the defendants, and before the commencement of this suit, to wit, on, &c., " the plaintiff caused a *scire facias* to issue on the same supposed recognizance; that the defendants appeared

and defended as to said *scire facias;* and that such proceedings were thereon had, that, afterwards, to wit, on, &c., at the term, &c., it was considered by the Court that said defendants go thence, and be discharged from the said suit and *scire facias;*" all which appeared by the record, &c.

There were issues upon the two first pleas, and a demurrer to the third. The demurrer was sustained. Trial of the issues, and a joint judgment against both defendants for 700 dollars.

It is contended that the Court erred in sustaining the demurrer. We are of a contrary opinion. The general principle is, that when a defendant relies upon a former judgment in his favour in an action for the same cause, he must show a judgment final and conclusive on the merits. *Level* v. *Hall,* Cro. Jac. 284.—*Plummer* v. *Woodburne,* 4 B. & C. 625. The plea before us does not show such a judgment. The averment is, that the defendants made defence as to the first *scire facias* and were discharged from it. That might happen upon a demurrer to a defective writ, in which case the judgment would not bar a second action, the merits of the cause not being involved in the decision upon the demurrer. 1 Chitt. Plead. 227.—1 Mod. 207.—Vin. Abr., Judgment, Q, 4, pl. 3.—*Hitchin* v. *Campbell,* Blacks. R. 827. The plea should have set forth the defence made in the first action, and shown that it reached the merits of the cause.

But it is contended that the judgment should have been for the defendants, because it is alleged the *scire facias* is defective.

The first objection taken to the writ is, that there is a fatal repugnancy in the averments as to the time of filing and recording the recognizance in the Circuit Court. We do not perceive any contradiction in this respect. It is recited in the *scire facias* that, at a certain time, the recognizance was filed in the office of the clerk and by him recorded; and that it was afterwards filed in open Court and again recorded. There is no inconsistency here; both allegations may be true.

Another objection urged is, that the *scire facias* avers the recognizance was taken at *South Hanover* in the third judicial circuit, whereas the recognizance itself, being set out *verbatim,* does not show where it was taken; and this is conceived by

the plaintiffs in error to be a fatal variance. Had the place of taking been stated in the *scire facias* as being contained in and forming a part of the recognizance, and that part had been omitted in the copy of the recognizance recited in the writ, the objection would have been well taken. The description would have been materially different from the copy. But this is not the case. The averment of the place of taking does not purport to be descriptive of the recognizance; it is the averment of a distinct fact susceptible of proof by parol. The averment was, perhaps, unnecessary. The Court is bound to know that a president judge of a Circuit Court is authorized to take recognizances; and when we are informed that he has taken one, and caused it to be filed and recorded in the proper Court, we are not prepared to say that it is not the legal presumption, that he exercised his authority within his jurisdiction. However this may be, the objection of variance in the present instance cannot be sustained.

But the *scire facias* cannot be supported. It appears that the president judge took the recognizance at *South Hanover* in the county of *Jefferson;* but the recognizance was returnable to the Circuit Court of *Switzerland* county. This it was not competent for the judge to do. No judge of a Circuit Court could, when this recognizance was taken, take a recognizance, out of Court, returnable to a Circuit Court out of the county where it was taken. R. S. 1838, p. 162. But the law is now different. The recognizance may be returnable to the Court of another county. R. S. 1843, p. 990.

*Per Curiam.* — The judgment is reversed. Cause remanded, &c.

*S. C. Stevens* and *J. G. Marshall*, for the plaintiffs.

*J. Dumont*, for the state.