Nov. Term,
**1860.**

Moore *v.* Fitz and Others.

MOORE
v.
FITZ.

*A.* sued out an attachment against the property of *B.*, and placed the same in the hands of the sheriff, *October* 16, 1854. On *January* 2, 1855, *C.* recovered a judgment against *B.*, upon which execution issued, and was levied the next day upon certain goods of *B.* Afterward *A.* caused his attachment to be levied upon the same goods; the sheriff having been prevented by *A.'s* attorney from levying the same sooner. In *March*, 1855, *A.* recovered judgment in his attachment proceedings, and the property attached was ordered to be sold. Proceedings by *A.* against the sheriff, by notice and motion, to compel him to pay over to him the money realized on sale of the goods. Answer by the sheriff, that he had applied the proceeds of sale, first to the payment of *C.'s* execution, and had the residue in Court, &c.

*Held*, that if the attachment had been in the hands of one officer, and the execution in the hands of another, the writ first levied would have obtained the prior lien.

*Held*, also, that when two writs against the same person are in the hands of the same officer, he must, unless otherwise directed, first levy the writ which first came to his hands.

*Held*, also, that if the plaintiffs in the older writ direct the officer not to levy the same, it would operate as a withdrawal or waiver of their prior lien, and make it the duty of the officer to levy any junior writs in his hands.

APPEAL from the *Miami* Circuit Court.

*Tuesday,*
*November* 27.

HANNA, J.—This was a proceeding against a sheriff, by notice and motion, to compel him to pay over money alleged to have been collected on an execution in favor of the appellees: judgment against him.

The facts disclosed, are, substantially, that on *October* 16, 1854, the appellees instituted their suit, and caused an order of attachment to issue against *Reed* and others. The summons and order were on that day placed in the hands of the sheriff, returnable at the next term of the Circuit Court, to-wit: in *March*. In the meantime, namely, on *January* 2, 1855, *Garrett* and others recovered a judgment against the same defendants, in the Common Pleas Court; upon which an execution issued, on *January* 2, and, on the same day, by order of *Garrett's* attorney, was levied on certain goods: very soon thereafter the attorney of appellees, being apprised of

the levy, ordered the sheriff to attach the same property, which was also done. The appellees, together with several others who joined in the proceeding in attachment, recovered judgment at the *March* Term, 1855. Executions were issued upon said judgments, and levied upon the same property, 'which was sold.

The sheriff avers, in his answer, that he had applied, of the money realized by the sale, a sum sufficient to satisfy the execution in favor of *Garrett*, and had the balance in Court, subject to the order, &c.; that at the time the order of attachment came into his hands, the defendants had personal property, subject thereto, of the value of $5,000; but that he did not then execute the said order on said property, because of the directions of the attorney of the plaintiffs in that proceeding, and in this.

On the trial the defendant offered evidence to prove the amount and value of property subject to the attachment, when it came into his hands; and that he was instructed as averred, by the plaintiff's attorney. The evidence was excluded. This presents the only point in the case.

The statute, 2 R. S., § 165, p. 66, is, that an attachment, from the time of its delivery to the sheriff, becomes a lien upon and binds the defendant's property subject to execution, in the same manner as an execution.

By 2 R. S., § 413, p. 131, it is provided, that where several executions are issued, and in the hands of different officers, the one first levied divests the lien of others, that had an older lien created by mere delivery to the officer.

We think, that, under a proper construction of these statutes, if the attachment herein had been in the hands of one officer, and the execution in the hands of another, that the first levy would have so far consummated the imperfect lien, created by the mere delivery of the writ, as to have given that writ the right to be first satisfied. It is thus, by the statute, made a race of diligence.

The question here is, what is the effect of these statutes, and the duty of an officer under them, where both writs are in the hands of the same officer. Undoubtedly he must, ordinarily, unless otherwise directed, first levy the writ which

first comes to his hands. But where there is a prior lien by the mere delivery of the writ to the officer, can it be divested in favor of a younger lien thus created, and further perfected by a levy of the younger writ by such officer, because of the want of diligence of the plaintiff in the elder writ?

We are of opinion, that if the plaintiffs in the elder writ directed the sheriff not to levy the same, he should have been permitted to prove that fact, for such order would so operate as a withdrawal or waiver of their prior lien, as to make it the duty of the officer to levy any junior writs in his hands, and sell upon the same.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Beal* and *Ross*, for appellants.

*J. M. Wilson* and *J. Caven*, for appellees.