PATTERSON and Others *v.* STAIR and Others.

INJUNCTION BOND.—APPROVAL OF.—Where it appears from the record that on the hearing of an application for an injunction, the complaint, the affidavit thereto attached, and the bond were read, and an injunction was thereupon granted by the court, it will be presumed that the bond was approved.

APPEAL from the *Tippecanoe* Circuit Court.

RAY, J.—The appellees filed their complaint in the Circuit Court, charging that the appellant *Patterson* was the owner of a warehouse, and that he had in store certain quantities of wheat, the property of the complainants, and that he procured, as such warehouseman, three policies of insurance upon the grain in store, in his own name, but in trust for the benefit of the owners of the grain. It is alleged that the property so insured was subsequently destroyed by fire, and that said appellant, *Patterson*, had collected the amount of said insurance, and had paid an undue proportion of the same to others, who are made defendants, and who had grain also in store. It is also averred that the said appellant is insolvent, and has refused to make proper distribution, on demand, and has deposited the money

remaining in his hands in the *Union National Bank,* which is also made a defendant to the, action; that if notice be given of the application to restrain the withdrawal of the money from the bank, the said appellant will convert it to his own use, before the action of the court can be had in the premises, &c. An accounting and distribution of the funds is prayed for. The complaint is verified, and is accompanied by a bond. The court declared the case to be one of emergency, and a temporary restraining order, until a subsequent day of the term, was granted. Notice was given, and the appellant appeared and moved to dissolve the restraining order. This motion was taken under advisement, and on the day set for the hearing, the appellees moved to continue the order, and affidavits were filed by both parties. The court continued the restraining order, and from this action of the court an appeal is taken. It is objected that no notice was given of the application for a restraining order. If this objection was well taken, it could not now be considered, when the appellants have appeared and moved to dissolve the restraining order, and have filed affidavits in resistance of the motion to continue the order.

Upon the motion to continue the restraining order, three affidavits were read by the appellees, by which it appears that an attempt had been made to fire the building sometime before it was actually burned, and that the appellant *Patterson* had informed one or more of the appellees that he had procured insurance in the sum of $3,000 upon the grain stored, for the benefit of all parties interested, and that said policies would take effect upon the expiration of a policy of insurance then existing. One of the appellees thereupon procured a watchman to guard the building for one night, and promised that the other parties interested would do the same; the appellant also agreed to keep guard. Others of the appellees stated that they had intended to procure insurance, but upon being informed that policies had been taken out by *Patterson* for their benefit, they approved his action, and made no further effort to protect

themselves. *Patterson* denies that he insured for the bene-
fit of all parties, but insists that he was authorized to insure
for some of his co-defendants, and for them alone, and pro-
poses to pay them in full, and to divide the remainder *pro rata*
among the appellees. It is objected that the court did not
approve the bond filed, and that no evidence was given of
the insolvency of *Patterson.* The record states that upon
the motion to continue the restraining order, the complaint,
the affidavit thereto attached, and the undertaking, or bond,
were read. The complaint alleged *Patterson's* insolvency,
and was sworn to, and if sufficient to procure the restraining
order, as we must regard it, certainly has in its averments
upon that point sufficient to authorize the continuance of the
order, when, as in this case, the affidavit filed by the appellant
did not deny that allegation. We must also consider the fact
that the undertaking was read to the court, and thereupon
the restraining order was continued, as conclusive evidence
that the court approved the bond.

The decision of this case might perhaps be placed, as the
appellees insist, upon the ground that *Patterson* held the
money realized upon the insurance policies as a trustee,
and that a court of equity would prevent any misapplica-
tion of the fund, and not require the parties interested in
the fund to look to the personal responsibility of the
trustee.

The action of the court was, however, clearly correct,
under the special statutory provisions regulating the grant-
ing of restraining orders, and the proceedings must, there-
fore, be affirmed with costs.

*D. Mace,* for appellants.

*H. W. Chase* and *J. A. Wilstach,* for appellees.