## Reuben Town and others v. Shubael Smith.

*Judgment by confession in a Justice's Court, when a bar to subsequent suit.* Where judgment was confessed upon a note before a Justice, but an error was committed by the Justice in entering up the proper amount: *Held,* that the note and indebtedness upon which it was given, were merged in the judgment, and constituted a bar to a suit for the omitted amount; and that there was no distinction between the effect, as a bar, of a judgment by confession, and one rendered upon a trial.

The Justice probably might have corrected the mistake by amending the judgment before it was stayed, or any further proceeding was taken upon it, as for a smaller amount, or the plaintiff might have appealed.

*Erroneous judgment collected on execution, how far binding on plaintiff.* Where in such case execution had been issued and satisfied, the plaintiffs must be held to have elected to treat the judgment as one for the less amount, and to be as much bound by that election as though they had originally consented to take judgment for said amount.

*Submitted April 27th. Decided July 11th.*

Case made from Macomb Circuit.

Plaintiffs sued defendant before a Justice of the Peace to recover the amount due upon a promissory note. The declaration was in assumpsit on the common counts, and to which was attached a copy of the note, being for $192.

The defendant confessed judgment thereon, and the same was entered up, and rendered by said justice, through mistake, for $92.09, and interest, instead of $192.09, the true amount. The present suit was brought before the same justice, to recover the balance of said note, to wit: $100 and interest. Defendant plead the general issue, and gave notice of the previous judgment, in bar.

The case was tried on appeal in the Circuit Court, without a jury, upon the following admitted facts, to wit:

That the defendant made and signed the note set forth in the plaintiffs' declaration, being the same note upon which this suit is brought, and that there was written across the face of it the following words and characters, by Ezra Hazen, Esq., who was then a justice of the peace of St. Clair County to wit:

"Judgment rendered on this note in favor of Town, Smith & Sheldon, August 9th, 1858, for $97.00.

E. HAZEN, J. P."

And that on the 9th day of August, A. D. 1858, the whole amount of said note being then due, the defendant appeared before Ezra Hazen, Esq., who was the collecting agent of the plaintiffs, and then a justice of the peace of the county of St. Clair, and regularly confessed judgment upon said note aforesaid, and for the whole amount thereof before said justice, in the form and manner required by law.

That the said justice proceeded to and did enter up judgment upon said note and confession; but by mistake rendered the same for one hundred dollars and interest, less than it should have been.

That in all other respects, (as defendant insists), the judgment was regular and in due form of law; that the note now sued upon was, and is the same note upon which judgment was confessed and rendered as aforesaid.

That upon the rendition of said judgment the same was stayed; and upon the expiration of the stay, execution was issued and collected, and returned fully satisfied. But that such execution followed the entry of judgment, and was for one hundred dollars and interest less than the amount actually due upon the said note, and for which said judgment was confessed as aforesaid; and thereupon an entry of satisfaction was entered upon the said judgment.

Whereupon the Circuit Judge on the second day of January, 1866, at the January term of said court, rendered a judgment in favor of the said plaintiffs against the said defendant, for the sum of one hundred dollars and interest, with costs of suit to be taxed.

*Maynard, Meddaugh & Swift*, for plaintiffs.

1. A judgment by confession, unless it be shown that the statute has been strictly complied with, is a nullity.—2 *Doug. Mich.* 199; 1 *Mich.* 19, 156.

It is stated in the case made, that the defendant "regularly confessed judgment upon said note, for the whole amount thereof, in the form and manner required by law," but that the justice, by mistake, rendered judgment "for one hundred dollars and interest less than it should have been."

If the defendant, in his confession, had stated the actual sum due upon the note, it is difficult to see how the justice could have made the mistake as to the interest on the $100.

We can understand how he might have omitted the one hundred dollars; but how, without some figuring, he could have left out the interest on it, it is impossible to conceive. It is evident, therefore, that, by the confession "for the whole amount of said note," is meant such sum as by computation should appear to be due; and this, also, is what the words themselves naturally import.

There was, therefore, no confession of indebtedness "in a certain specified sum," as required by the statute.—2 *Comp. L.* § 3625. The justice, therefore, acquired no jurisdiction by the confession, and the judgment was a nullity.

2. Again, the plaintiffs did not consent to the judgment. The fact that Hazen was their collecting agent, would not authorize him to consent to a judgment for less than half the amount of their claim. There is nothing in the case to show that plaintiffs knew of the confession and judgment thereon, until the money was collected on the execution.

3. Again, the judgment was not "on such confession," but for a sum more than one-half less than the sum confessed to be due.

Where judgment is rendered upon default, without deducting payments made, suit may afterwards be brought to recover such payments.—16 *Mass.* 306; 26 *Barb.* 463; 4 *Pick.* 29; 4 *Id.* 521; 29 *Miss.* 41.

If it be claimed that the entry of less than half the amount confessed to be due, was a mere clerical error, and that the judgment was good for the whole amount, then we claim that, under our statute, (2 *Comp. L.* § 4550) we can recover

the balance of said judgment, under the declaration in this case.

Under the statute, it would seem that the liability to pay the judgment in money, would form a sufficient consideration for an implied promise under the money counts.

*Mitchell* and *Farrand*, for defendants.

1. The judgment, by confession, was conclusive between the parties, as to all the matter sought to be embraced in the confession, as much as it would have been upon default or trial.

A judgment, as well by confession or otherwise, is conclusive while it is in force, as to everything that might have been pleaded or given in evidence in defense, except matter in set-off.—1 *Chip.* 304. This doctrine must apply as well to the claim of the plaintiff as the defendant, and must conclude the plaintiff as to any part of an indivisible claim not embraced in the judgment.—5 *Gill. and Johns.* 52.

There is no difference between the effect of a judgment by confession, unless there are circumstances of fraud about it, and a judgment upon trial.

Where a demand has been once submitted to a jury, it will operate as a perpetual bar to an action for the same.—2 *Johns.* 191–210; 10 *Id.* 365; 16 *Id.* 136.

2. Where an action is brought for a part only of an entire and indivisible demand, the verdict and judgment in that action are a conclusive bar to a subsequent suit for another part of the same demand.—16 *Johns.* 121–136; 1 *Wend.* 487; 8 *Id.* 492; 13 *Id.* 644; 15 *Id.* 557.

3. The confession was equivalent to a judgment for the entire amount stated in it, and might have been so treated. The entry of judgment was formal, and could have been corrected to meet the confession. It was equivalent to the verdict of a jury. The justice had the power to amend the judgment and should have done so.—2 *Cow. Tr.* 587; 2 *Comp. L.* § 4415.

4. The note was merged in the confession and judgment,

and was legally extinguished or cancelled thereby, so that no new suit can be brought or sustained thereon.—3 *Comst.* 210; 18 *Johns.* 459; 4 *Smith, N. Y.* 468; 6 *Barb.* 19; 2 *Hill.* 478; 9 *Wend.* 287; 21 *Id.* 339. The confession, though it might not be held equivalent to a judgment, was a higher security, and extinguished the debt. In this case, the creditor accepted the confession and judgment, and proceeded to collect and satisfy the judgment. The acceptance and collection was a sufficient consent on the part of the creditors.—10 *Mich.* 16.

5. The plaintiff could not recover on the confession or judgment under the common counts. If it was in effect a judgment, it should have been specially declared upon as such, and could not be introduced under the common counts. But even if it might have been given in evidence under the common counts, the plaintiffs, by their notice under the declaration, limited themselves to the note.

CHRISTIANCY J.

Upon the facts stated in this case the equities of the plaintiffs are so strong, and the moral obligation of the defendant so clear, that we should feel it our duty to sustain the action, if we could discover any ground consistent with the rules of law upon which it could be done. But after a careful consideration we have been unable to discover any ground upon which the action can be maintained without violating well settled principles of law, and the danger of doing more injury by unsettling the law in other cases than by adhering to it in this.

We see no reason for making a distinction between the effect of a judgment by confession, and one rendered upon a trial. We think, therefore, the note and the indebtedness upon which it was given, were merged in the judgment. The confession upon which the judgment was rendered is not set forth in the case, but if for a specified sum, as we think probable from the statement that it was "for the whole amount of the note in the form and manner required by law," the error of.

the justice in entering up the judgment might probably have been amended by himself, before it was stayed or any further proceeding taken upon it, as a judgment for a smaller amount. — *Comp. L.* § 4419–4422; 2 *Cow. Tr.* (*2d Ed.*) 1106–1112; or the plaintiffs might have had their remedy by appeal. And it may be (though upon this we give no opinion, as the confession itself is not before us,) that the confession, being in writing in due form and for the correct sum, and constituting a necessary and the most essential part of the record, the judgment, taken in connection with the confession, might have been treated as in legal effect a judgment for the amount stated in the confession, and the stay taken and execution issued accordingly. But if (and so far as) any proceeding was necessary to correct the mistake of the justice and to make it a judgment for the full amount, we think it clear it could be legally done only by some proceeding in the same case either by amendment or an appeal.

To allow a new and independent suit for that part of the note by mistake left out of the judgment, would be a dangerous practice. Judgments would loose their essential character and cease to conclude the parties, and there would be no end to litigation. Nor, if the judgment might have been treated as valid for the whole amount, can we see how an action can be maintained for the balance after execution has been issued upon it, as for a less amount, collected and satisfied. Either course, besides being open to the objection of allowing the judgment to be collaterally attacked, would violate the well settled principle of law, that several actions shall not be sustained upon a single, individual claim, or cause of action. By issuing the execution and obtaining satisfaction as for a judgment of less amount, the plaintiffs must be held to have elected to treat it as a judgment to the less amount only, and to be as much bound by that election as if they had originally consented to have judgment taken for the smaller amount.

We think the action cannot be maintained.

The judgment of the Circuit Court must be reversed, and a judgment entered in this Court for the defendant, with his costs in all the Courts.

The other justices concurred.