———————o———————

## REEVES ET AL. *v.* PLOUGH.

PRACTICE.—*Motion for Leave to Issue Execution.—Pleading to Such Motion.*— Upon a motion for leave to issue execution upon a judgment after the lapse of ten years from its rendition, the judgment defendant may appear, and in answer to the motion plead payment or satisfaction of the judgment; but whether he appear or not, no execution can issue unless it be established by the oath of the judgment plaintiff, or other satisfactory proof, that the judgment or a part thereof remains unpaid.

:SAME.—*Decision Doubted.*—The case of *Plough* v. *Reeves*, 33 Ind. 181, doubted, so far as it was held therein that on a motion for leave to issue execution, no pleading was contemplated, and the hearing should be summary.

·SAME.—*Payment or Satisfaction of Judgment.*—Under an answer to a motion for leave to issue execution after the lapse of ten years, denying that the judgment is unpaid and pleading affirmatively that it has been paid and satisfied, the judgment defendant may show that it has been satisfied in consequence of the judgment plaintiff having received money on collaterals, or show that by negligence and failure to collect collaterals he has become chargeable with their amount.

.PLEADING.—*Former Adjudication.*—To a complaint by a judgment defendant, to have a judgment declared satisfied, it is a good answer on the part of the judgment plaintiff, that the same matters alleged in the complaint were set up in an answer to a motion for leave to issue execution on the judgment, and that such matters were in that proceeding adjudicated.

From the Howard Circuit Court.

*J. W. Robinson*, for appellants.

*M. Bell* and *A. S. Bell*, for appellee.

DOWNEY, J.—From the report of the decision of this case when it was in this court before, in 41 Ind. 204, it appears that it was a proceeding instituted by the appellee against the appellants, to have satisfaction of a judgment ordered, which had been rendered in favor of the appellants against the appellee, as authorized by 2 G. & H. 220, sec. 377. The motion was in the form of a regular complaint, the first and second paragraphs of which had been stricken out and the cause tried on an issue on the third paragraph formed by a general denial. The judgment was reversed by this court, and the cause remanded for a new trial. Upon the return of the cause, the common pleas having been abolished, and Hon. C. N. Pollard, counsel for Plough, having been elected judge of the circuit court, Hon. John U. Pettit, judge of the Twenty-seventh Judicial Circuit, was called to preside and dispose of the cause. A new trial having been ordered according to the mandate of this court, on motion of the plaintiff, he was permitted to file a new first and second paragraph of his complaint. The original judgment was rendered on the 10th day of April, 1857. The third paragraph alleged that the judgment had been paid, without stating

the manner of payment. The amended first paragraph alleges that at the time of the rendition of the judgment, the defendants herein held a large amount in collaterals placed in their hands by the plaintiff herein, sufficient to pay the judgment and costs, and a reasonable attorney's fee for collecting the same, and which have since been collected; that the judgment is satisfied, etc. The amended second paragraph is the same as the first, except that it alleges a failure on the part of the appellants to collect the collaterals and satisfy the judgment, which they might have done.

The defendants demurred to each of the paragraphs of the complaint, and their demurrer was overruled.

They then answered as follows: 1. The general denial. 2. That in said common pleas court, at the February term, 1869, in answer to a notice and motion for an execution on the said judgment, the plaintiff set up and alleged the same identical matters that are set up and alleged in the complaint in this case, which were adjudicated and found in favor of the defendant herein, and an execution awarded on the judgment. A copy of the notice and motion for execution, the answer thereto, and the judgment of the court are filed with the paragraph of the answer. The plaintiff demurred to the second paragraph of the answer, on the ground that it did not state facts sufficient to constitute a defence to the action, and his demurrer was sustained by the court. A trial by jury resulted in a verdict for the plaintiff on the first and third paragraphs of the complaint, and after overruling a motion for a new trial, the court ordered that the judgment referred to in the complaint be satisfied, etc.

Various errors are alleged, and among them the sustaining of the demurrer to the second paragraph of the answer of the defendants.

The statute provides that after the lapse of ten years from the entry of judgment, an execution can be issued only on leave of court upon motion, after ten days personal notice to the adverse party, unless he be absent or non-resident, or

can not be found, when service of notice may be made by publication, as in an original action, or in such other manner as the court may direct. Such leave shall not be given, unless it be established by the oath of the party, or other satisfactory proof, that the judgment, or some part thereof, remains unpaid. 3 Ind. Stat. 245, sec. 406 as amended.

We construe this statute to mean that the judgment defendant, in answer to the notice and motion, may appear and plead payment or satisfaction of the judgment, but whether he appear or not, no execution can issue unless it be established by the oath of the judgment plaintiff or other satisfactory proof that the judgment, or some part thereof, remains unpaid. If the defendant in the judgment could not plead and prove payment of the judgment, there would be little use in giving him notice of the motion. In *Plough* v. *Reeves*, 33 Ind. 181, the court said, in a similar proceeding between these parties: "No pleadings are contemplated or required in a proceeding of this kind. It is a simple motion, to be heard by the court, in a summary way; the only question being whether the judgment, or any part thereof, 'remains unsatisfied and due.'" We doubt the correctness of this ruling. But we need not overrule the case to sustain the second paragraph of the answer in the case at bar. If it was erroneous to allow an issue to be formed as to whether the judgment had been satisfied or not, the finding and judgment were not void or invalid. But it is contended by counsel for the appellee that the matters alleged in the second paragraph of the complaint, as a satisfaction of the judgment, could not have been proved under the answer in the application for leave to issue execution. We do not think this position can be sustained. The second paragraph of the complaint in the case under consideration, after stating the recovery of the judgment, alleges, "that said judgment is fully satisfied, and ought to so appear upon the record, but that it does not, for that at the time of the rendition thereof the said defendants had and held a large amount in

collaterals, consisting of," etc., "placed in the hands of said defendants by said plaintiff, which the said defendants were to collect and apply upon the aforesaid judgment," etc. After giving an excuse for not stating the amount of the collaterals or giving a description of them, stating that the amount exceeded the amount of the judgment and costs and attorney's fees for collecting the same; that the collaterals were upon good and solvent men, and all collectible; that it was agreed between the parties that the defendants were to promptly collect the same and apply the proceeds thereof to the satisfaction of the judgment, it alleges, that "the defendants have failed to account for said collaterals in any way, although requested so to do; that they have failed and refused to satisfy said judgment; that they have failed to comply with their aforesaid contract, in this, that they did not collect said collaterals and satisfy said judgment as by said agreement provided, but kept and converted the same to their own use and benefit, which were of the value of five hundred dollars," etc. In the first paragraph of the answer to the motion for execution, the plaintiff herein answered as follows :

" Comes now said defendant in the above entitled cause, and for answer to the motion for leave to issue execution, says that as to the allegation of a judgment having been rendered against him, he admits the same to be true, but as to the allegation that said judgment has not been paid off or fully satisfied, and now remains properly in full force, he denies each and all of said allegations."

The second paragraph of the answer was as follows :

" And defendant, further answering herein, says that said judgment set forth in plaintiff's motion was fully paid and satisfied by this defendant to said plaintiff before the filing of said motion or the issuing of process thereon; wherefore," etc.

These paragraphs, pleaded to a notice and motion which alleged that the judgment remained "due and wholly unpaid," formed an issue under which, we think, all the matters set

up in the complaint, in this case, might have been given in evidence. The question was, whether the judgment had been "paid and satisfied," or whether it remained "due and unpaid." The manner of its satisfaction was matter of evidence. Whether it had been satisfied in consequence of the judgment plaintiffs having received the money on the collaterals, or having by their negligence and failure to collect them become chargeable with their amount, in either case the issues were broad enough to justify the proof. It may be remarked in this connection that the jury found for the defendants as to the second paragraph of the complaint. When and under what circumstances the debtor, having deposited collaterals with his creditor, is entitled to credit for the amount of them, is shown in the opinion in *Reeves* v. *Plough, supra,* and the cases there cited.

Without examining the other questions discussed, we come to the conclusion that the judgment must be reversed.

The judgment is reversed, with costs; and the cause is remanded, with instructions to overrule the demurrer to the second paragraph of the answer, and for further proceedings.