*Griffin et al., v. Wallace et al.*

---

## GRIFFIN ET AL. *v.* WALLACE ET AL.

INJUNCTION BOND.—*Approval of Judge need not be Endorsed on Bond.— Pleading.—Surety's Name need not Appear in body of Bond.*—In a proceeding to obtain an injunction it is proper that the approval of the court or judge should be endorsed upon the bond ; but this is not absolutely essential, as the fact that the court orders an injunction to be issued will be considered as conclusive evidence that the court approved such bond ; and, in a suit on the bond, an answer denying the approval thereof by the judge is bad, when such fact is so shown by the record. Nor is it material that the name of the surety should appear in the body of the bond.

SAME.—*Insufficient Answer.—Assignment for Benefit of Creditors.—Delay in levying Execution.*—In a suit by A., upon a bond given in a proceeding by B., an assignee, against A., to enjoin a levy upon an execution, a paragraph of answer, to the effect that after the execution sought, to be enjoined was issued, A., the execution plaintiff, directed the constable having possession of said execution to delay levying the same until further orders, and that, under said direction, execution was not levied until after the assignment of his property by the execution defendant to B. for the benefit of his creditors and the recording of said assignment, whereby the lien of said execution was lost, etc., does not state facts which would have constituted sufficient ground for an injunction, had they been incorporated in the complaint in the injunction suit, and such answer is, therefore, bad on demurrer.

SAME.—*Assignee.—Judgment.*—In such case an answer by B., that the bond in suit was executed by him in his capacity as trustee, and that the trust estate is not settled, is bad on demurrer. Its facts constitute no bar to the suit, and could only affect the form of the judgment.

SAME.—*When Delay in Levying does not affect Lien of Execution.—Priority.*—Where there are no junior liens of any kind upon the personal property of the execution defendant, directions by the execution plaintiff to delay

proceedings upon an execution in his favor do not affect the lien of his execution.

SAME.—*Effect of Assignment on Lien of Execution.*—The simple assignment of his property by an execution defendant, for the benefit of his creditors, does not divest the lien of the execution.

SAME.—*Damages.*—When an injunction is obtained without cause, the obligee in the bond given in that proceeding is entitled, in a suit upon such bond, to recover full compensation.

RES ADJUDICATA.—See opinion, for rules at length, on this subject.

From the Marion Superior Court.

*H. W. Harrington,* for appellants.

*D. V. Burns,* for appellees.

PERKINS, J.—On the 24th day of September, 1874, Andrew Wallace recovered a judgment, before a justice of the peace, against George Borsdorfer. On the 14th day of October, 1874, an execution was issued on said judgment, and placed in the hands of constable Boardman, and, on the 20th day of October, 1874, was levied on property of said Borsdorfer. On the 15th day of October, 1874, an assignment by said Borsdorfer of all his property to George O. Griffin, for the benefit of his creditors, became operative. Said Griffin obtained an injunction upon the execution of Wallace against Borsdorfer, from the Marion Circuit Court, and, as incident thereto, gave an injunction bond, with Joseph W. Nichol as surety therein. The main ground on which the injunction was obtained was an alleged agreement of Wallace, at the rendition of the judgment, that no execution should issue on the judgment for six months, and upon the faith of which the judgment was permitted by the defendant to go. That injunction suit was appealed to the Supreme Court, where it was decided against Griffin. *Boardman et al.* v. *Griffin,* 52 Ind. 101.

The court decided that Griffin had not proved the case made in his complaint for an injunction, and held that the judgment on which the execution issued could not be attacked collaterally.

The following are the closing paragraphs of the opinion in the cause:

" The court [below] has very clearly, in the special findings, found against the plaintiff as to the case made by his complaint, and we do not see why judgment should not have been rendered against him. We do not regard the question as one of variance merely, which might be obviated by an amendment under sections 94 and 95 of the civil code; but we think the case is one where the allegations of the complaint, to which the proof was directed, are unproved, not in some particulars only, but in their general scope and meaning, according to section 96.

" In our judgment, the court should have rendered judgment on the finding for the defendants. In this view of the case, we do not deem it necessary or proper to express any opinion upon the question as to the effect of the delay in making the levy of the execution after it was issued.

" The judgment is reversed, with costs, and the cause remanded, with instructions to render judgment for the defendants on the special findings." Such judgment was rendered.

The present suit' was brought on the injunction bond given by Griffin on instituting the suit to enjoin the execution of Wallace upon his judgment above mentioned.

The complaint sets out the facts, alleges damages, makes the bond an exhibit, etc.

A demurrer to the complaint for want of facts was overruled, and exception entered.

·The defendants answered :

1. The general denial.

2. " That said supposed bond in the complaint set out was never approved by the judge of said Marion County Civil Circuit Court."

3. As to the amount of the judgment for one hundred and ten dollars, mentioned in the complaint, defendants say that an execution was issued on said judgment, on the

15th day of October, 1874, but that Wallace, the plaintiff in said judgment, after execution was issued thereon, directed the constable having possession of said execution, to delay levying the same until further orders, and that, under said direction, execution was not levied till after the assignment of his property by the execution defendant to said Griffin for the benefit of his creditors, and the recording of said assignment, whereby the lien of said execution was lost, etc.

4. That Borsdorfer made the assignment, etc., as alleged in paragraph 3 of the answer ;. that appellant Griffin executed the bond sued on in his capacity as trustee, etc.; and that the trust estate is not settled, etc.

A demurrer was sustained to the second, third and fourth paragraphs of answer.

The court did not err in sustaining the demurrer to the second paragraph of answer. The injunction or restraining order commences as follows, viz. :

" Upon the complaint in the above action, verified by oath, showing an emergency exists for issuing a restraining order, without notice, in said action, and upon affidavits filed, the plaintiff having executed the undertaking required by law, it is ordered," etc.

" LIVINGSTON HOWLAND, Judge."

This was shown by the record.

It is proper, but not absolutely essential, that the approval of the court or judge should be endorsed upon the bond or undertaking.

In *Patterson* v. *Stair*, 26 Ind. 137, the court say : " We must also consider the fact that the undertaking was read to the court, and thereupon the restraining order was continued, as conclusive evidence that the court approved the bond."

Nor, we may remark, was it material that the name of the surety should appear in the body of the bond. *Potter* v. *The State*, 23 Ind. 550.

An answer denying the existence of a fact, the existence of which is shown by the verdict, is bad.

The third paragraph of answer was pleaded to a part of the cause of action. An answer pleaded to the whole, which answered but a part, of the cause of action, would have been bad for that reason. Bicknell Civil Prac. 86; *Stone* v. *Lewman*, 28 Ind. 97.

Two questions are presented and discussed upon the sustaining of the demurrer to said third paragraph, viz. :

1. Was the judgment for the defendant Wallace, in the injunction suit, a bar to the right of Griffin, plaintiff in that suit, to set up affirmatively, in this suit on the bond given in the former, additional grounds, showing that the execution sought to be enjoined in the injunction suit was not a lien upon the property of the execution defendant ?

2. Did the delay, by the order of the execution plaintiff, in levying his execution, extinguish the lien of said execution on the property of the execution defendant, as against any one ? and if so, whom ? See *Sipe* v. *Holliday*, 62 Ind. 4.

In the suit to enjoin the execution mentioned, Griffin, as ground therefor, alleged that the judgment on which it issued was erroneous, and that it was agreed by Wallace, at the rendition of the judgment, for a valuable consideration, that no execution should issue upon it for six months, while, in fact, execution was issued, in violation of said agreement, in a much shorter time.

On the trial in the circuit court, Griffin failed to prove the agreement for delay, alleged in his complaint, but was allowed to, and did, prove a delay to levy said execution, by order of Wallace, the execution plaintiff, as set up in the third paragraph of answer.

Upon the final hearing of the injunction suit, in the Supreme Court, Griffin failed because the judgment could

not be attacked collaterally, and because he failed to show the existence of such an agreement touching the issue of execution, as he had alleged in his complaint, though he did prove a different agreement for delay. Now, in this suit against him on the bond in the injunction suit, Griffin set up in the third paragraph of his answer this different agreement for delay from that relied on in the injunction suit, showing, as he claims, that said execution was invalid, and ought to have been enjoined. He might have inserted all these causes in his complaint for the injunction, but, as we have seen, did not. Hence it is argued, that he could not institute a new suit for such injunction, on different grounds from those alleged in the former suit; that this would violate the rule that, in any given suit, the judgment in such suit is presumed to have determined every question which might have been litigated in it, and the rule that a party can not split a cause of action, thus multiplying suits; and hence, that Griffin could not set up affirmatively, as a defence to the action on the injunction bond, matters which he could not have made the ground of a new suit for an injunction.

But, in their argument, counsel, to some extent, mistake the scope and application of the two rules referred to.

The rule that every question which might have been decided or litigated in a cause, will be presumed to have been decided, means that everything which was within the issues in the cause, and might have been proved under them, will be presumed to have been proved and adjudicated upon. But what was not embraced by the issues made, though issues broad enough to embrace such matter might have been made, will not at least be conclusively presumed to have been determined. *The Lessee of Lore* v. *Truman,* 10 Ohio State, 45; *Babcock & Co.* v. *Camp,* 12 O. S. 11; *Louw* v. *Davis,* 13 Johns. 227; *Gould* v. *Evansville, etc., R. R. Co.,* 1 Otto, 526; *Byrket* v.

*The State,* 3 Ind. 248, and note; *The State* v. *Brutch,* 12 Ind. 381; *Bright* v. *Coffman,* 15 Ind. 371, on p. 373; *Phillips* v. *Berick,* 16 Johns. 136. *The Indianapolis, etc., R. R. Co.* v. *Clark,* 21 Ind. 150, is in point, and so is *Bougher* v. *Scobey,* 21 Ind. 365. See *Jenkins* v. *Parkhill,* 25 Ind. 473; 2 Chitty Plead., 16th Am. ed., 421.

It was upon this very ground that *Boardman* v. *Griffin,* 52 Ind. 101, was decided. The court said: "When the trial of a cause is by the court, instead of a jury, whether the court is required to find the facts specially or not, it can not, any more than a jury can, go outside of the case made by the pleadings. In such cases, as well as in others, the parties must recover upon the allegations of the pleadings. They must recover *secundum allegata et probata,* or not at all. It must be so in the nature of things, so long as our mode of administering justice prevails." See, also, *The Town of Cicero* v. *Clifford,* 53 Ind. 191; *The Fishback, etc., G. R. Co.* v. *Wilson,* 31 Ind. 371.

And the splitting of a cause of action does not mean the suing upon several causes of action, in different suits, which might all be united in one, but the bringing of a suit for a part of a single cause of action, as for part of the price of an article sold. A second suit for the other part could not afterward be maintained. So, on an entire contract for the purchase of several articles of goods, but a single cause of action exists, and a single suit can be maintained. *Smith* v. *Jones,* 15 Johns. 229. So a single tort that injures several articles of property belonging to the same person. *Farrington* v. *Payne,* 15 Johns. 432; *Secor* v. *Sturgis,* 16 N. Y. 548; *Miller* v. *Covert,* 1 Wend. 487; *O'Beirne* v. *Lloyd,* 43 N. Y. 248. See *McEwen* v. *Bigelow,* 40 Mich. 215.

But, in any given case, where the plaintiff has sued in assumpsit, or in any action, for a number of separate causes of action which might be joined, making the ag-

gregate of such causes the amount for which he demands judgment, if neglecting to withdraw any of those causes from the jury or court on the trial, he fails to establish any of them by proof, he can not afterward bring another suit for those items. *Seddon* v. *Tutop*, 6 T. R. 607; *Lord Bagot* v. *Williams*, 3 B. &. C. 235; *O'Beirne* v. *Lloyd, supra;* Whart. Ev., sec. 788; Freeman Judgments, sec. 272; *Town* v. *Smith*, 14 Mich. 348. See, as to torts, *Swinney* v. *Nave*, 22 Ind. 178.

And it is enacted in the code, 2 R. S. 1876, p. 196, sec. 401, that:

"When the plaintiff shall, at the same court, bring several actions against the defendant, upon demands which might have been joined in one action, he shall recover costs only in one action, unless it shall appear to the court that the actions affect different rights or interests, or other sufficient reasons exist why the several demands ought not to have been joined in one action." See Bicknell Civil Prac. 129, 330, 571.

It may not be improper, and may conduce to a clearer view of the subject, to state here the general rules touching a plea or answer of former recovery, as established by the decisions of the Supreme Court of this State.

1. A judgment for the defendant, upon a demurrer to the complaint on account of the omission of an essential allegation therein, which is supplied in the second suit, will not be a bar to the second suit. *Stevens* v. *Dunbar*, 1 Blackf. 56; *Braman* v. *Howk*, 1 Blackf. 392; *Sherry* v. *Foresman*, 6 Blackf. 56; *Estep* v. *Larsch*, 21 Ind. 190; *Sumpter* v. *Wilson*, 1 Ind. 144; *Gould* v. *Evansville, etc., R. R. Co., supra.*

2. An answer of former recovery must show that, in the suit in which the judgment pleaded was rendered, the same material question, on which the second suit depends, was, or might have been, decided. *Cutler* v. *Cox*, 2 Blackf.

178; *Stingley* v. *Kirkpatrick,* 8 Blackf. 186; *Kirkpatrick* v. *Stingley,* 2 Ind. 269; *Hargus* v. *Goodman,* 12 Ind. 629; *The Eaton, etc., R. R. Co.* v. *Hunt,* 20 Ind. 457; *The Indianapolis, etc., R. R. Co.* v. *Clark,* 21 Ind. 150; *Henson* v. *Veatch,* 1 Blackf. 369. Where the record does not show the fact, it may, in some cases, be shown by parol evidence. *Angel* v, *Hollister,* 38 N. Y. 378; *The Board, etc.,* v. *The Mineral Point, etc., R. R. Co.,* 24 Wis. 93; *Bougher* v. *Scobey,* 21 Ind. 365.

3. Another general rule is, that the issues in the case must embrace the merits of the case. *Cutler* v. *Cox, supra; Paine* v. *The State,* 7 Blackf. 206; *Estep* v. *Larsh,* 21 Ind. 190; *Athearn* v. *Brannan,* 8 Blackf. 440.

In *The Columbus, etc., R. R. Co.* v. *Watson,* 26 Ind. 50, it is said:

"In order to be a good answer of former adjudication, it must appear that the matters in controversy in the case at bar either actually were determined in the former action, or that they might have been litigated under the issues."

In *Duncan* v. *Holcomb,* 26 Ind. 378, it is decided that "It is only the matters involved in the issues made by the pleadings in a cause that are considered *res adjudicatæ.*" See *Wilson* v. *Ray,* 24 Ind. 156. In Wharton's Evidence, sec. 782, it is said: "The judgment, to operate as *res adjudicata,* must be on the merits," citing many authorities.

Under this rule, it is held that a judgment for the defendant in a suit prematurely brought is no bar to a subsequent suit. *Kirkpatrick* v. *Stingley,* 2 Ind. 269, on p. 273; *The Eaton, etc., R. R. Co.* v. *Hunt,* 20 Ind. 457, on p. 468; *The Indianapolis, etc., R. R. Co.* v. *Clark,* 21 Ind. 150, on p. 153; *Brandon* v. *Judah,* 7 Ind. 545; *Simonton* v. *The Huntington, etc., Co.,* 12 Ind. 380.

4. The following rule is laid down in 2 Taylor on Evidence, sec. 1513:

"The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."

If the above proposition is given an application, in practice, as broad as its language, it is irreconcilable with the proposition that a judgment against a party on account of a defective complaint, is no bar to a new suit on the same subject of litigation, upon a good complaint; also, with the doctrine that a judgment upon the trial of a cause, which does not embrace the merits of the cause, is not a bar to a second suit; also, with the maxim *secundum allegata et probata;* but if its application is limited to cases where the parties fail in the proof of all that is within the issues in the cause, but such failure is not shown by the record, or where they sue upon parts of causes of action, it is in harmony with settled principles of law; and the cases which the author refers to in the succeeding section, in illustration of the proposition, indicate that such was his' construction of it.

*Miller* v. *Govert*, 1 Wend. 487, is one of the cases, and we give it as an example. The opinion of the court substantially states the case, and is as follows:

"The court below erred in permitting Covert, the defendant, to prove and set off against Miller, his account for the balance of the three tons of hay sold and delivered to him in January, 1827. The sale of the hay was by one single indivisible contract. Miller agreed to purchase three tons of hay from Covert, and Covert agreed to sell it to him if he had so much to spare, and in the course of a few days delivered the whole. It is perfectly settled, that if a plaintiff bring an action for a part only of an entire and indi-

visible demand, the verdict and judgment in that action are
a conclusive bar to a subsequent suit for another part of
the same demand. If Covert could not have brought an
action for the residue of the three tons of hay, he of
course could not avail himself of it by way of off-set
when sued by Miller."

See *Reeves* v. *Plough*, 46 Ind. 350. See, also, *Crosby*
v. *Jeroloman*, 37 Ind. 264, in which the above propo-
sition from Taylor is substantially quoted, as it is in
*Comparet* v. *Hanna*, 34 Ind. 74, in *Bates* v. *Spooner*, 45 Ind.
489, and in *Fischli* v. *Fischli*, 1 Blackf. 360.

5. As to defendants, this rule of law is laid down in
Wharton Ev., sec. 789 :

" Where a party, sued on a debt, on which he has made
a partial payment, omits, when he is able to do so, to
prove such payment, he can not afterward maintain a suit
against his original creditor for the payment. Whenever,
to put this conclusion in general terms, it is the duty of
a party, when sued, to defend and protect his rights, then,
if he omit this duty, he can not afterward, as plaintiff,
sue for such rights. If, from any circumstances, it is his
duty to present his defence, and leave it to be determined
by court and jury, then if he neglect this duty his claim
is lost to him."

The rule is not put, in the above quotation, upon the
ground of *res adjudicata*, but rather of waiver or aban-
donment, as in the case where a plaintiff sues on a part
of a single cause of action. See *Swinney* v. *Nave*, 22 Ind.
178.

We proceed to enquire whether the new matter alleged
in the third paragraph of the answer would have consti-
tuted sufficient ground for an injunction had it been incor-
porated in the complaint in the injunction suit ; for, if it
would not, it is insufficient, at all events, to constitute an
answer. We think the matters alleged in the answer in
this cause are insufficient grounds for an injunction.

The court did not err in sustaining the demurrer to the fourth paragraph of answer. Its facts constituted no bar to the suit. They could only have affected the form of the judgment.

Directions by the execution plaintiff to delay proceedings upon an execution do not release or avoid the lien of said execution upon the personal property of the execution defendant, but may postpone such execution to junior executions in favor of the owners thereof. *McCall* v. *Trevor*, 4 Blackf. 496; *Johnson* v. *McLane*, 7 Blackf. 501; *Moore* v. *Fitz*, 15 Ind. 43; *Zug* v. *Laughlin*, 23 Ind. 170. In this case there were no junior liens of any kind upon the property.

A sale of the property, bound by the lien of an execution, by the execution debtor, does not divest such lien. *McCall* v. *Trevor, supra.*

If an absolute sale to a *bona fide* purchaser would not divest such lien, much less would the simple assignment of the property, such as that made in this case, have that effect. Suppose the execution defendant, instead of assigning the property, had sold it to raise money to pay his debts, would not the purchaser have taken it subject to the lien upon it?

Other alleged errors need not be noticed.

The damages given in the cause were not excessive. The injunction was obtained without cause. The party was entitled to full compensation.

There was no objection taken to the form of the judgment. See *Baker* v. *Horsey*, 21 Ind. 246; *Wilkerson* v. *Rust*, 57 Ind. 172.

But the court holds that the judgment was right as rendered.

If a second injunction had been or might have been obtained, we decide nothing as to the effect, if any, such

fact might have had on the present suit on the bond given on obtaining the first injunction.

Judgment affirmed, with costs.

Petition for a rehearing overruled.